26 P.3d 257 (2001)
144 Wash.2d 91
Suzan BERGER, Respondent,
v.
John SONNELAND, M.D., Petitioner.
No. 70010-9.
Supreme Court of Washington, En Banc.
Argued March 20, 2001.
Decided July 5, 2001.
*259 Williams, Kastner & Gibbs, Mary H. Spillane, Seattle, for Petitioner.
Huppin, Ewing, Anderson & Paul, Brad E. Smith, Spokane, for Respondent.
*258 SMITH, J.
Petitioner John Sonneland, M.D., seeks review of a decision by the Court of Appeals, Division Three, which reversed an order of summary judgment by the Spokane County Superior Court in his favor in an action by Respondent Suzan Berger for medical malpractice based upon his unauthorized disclosure of confidential information.[1] We granted review. We reverse.

QUESTIONS PRESENTED
The questions presented in this case are (1) whether a cause of action for a physician's unauthorized disclosure of a patient's confidential information must be filed solely under the Uniform Health Care Information Act, chapter 70.02 RCW; (2) whether there is a cause of action for unauthorized disclosure by a physician of confidential information under chapter 7.70 RCW; (3) whether expert medical evidence is required to prove emotional distress under chapter 7.70 RCW; and (4) whether objectively verifiable symptoms are required to support a cause of action for emotional distress under chapter 7.70 RCW.

STATEMENT OF FACTS
On June 26, 1996 Respondent Suzan Berger filed a summons and complaint in the Spokane County Superior Court against Petitioner John Sonneland, M.D.,[2] claiming (1) breach of confidentiality; (2) breach of fiduciary relationship; (3) breach of the Uniform Health Care Information Act, chapter 70.02 RCW[3]; and (4) medical malpractice.[4] Her claims arose from Petitioner Sonneland's unauthorized disclosure of confidential information about Respondent to her former husband, Dr. Daniel F. Hoheim, M.D., a practicing physician in Missoula, Montana.[5]
On July 1, 1993 Respondent Berger consulted with Petitioner Sonneland, a physician, about her health problems.[6] She complained of abdominal pain, chronic diarrhea, severe dumping syndrome, vomiting and a 40 pound weight loss.[7] Her symptoms began at age 22 and at age 27 she had multiple surgeries.[8] Petitioner Sonneland reported Respondent told him she was taking various drugs, including Tylox, a narcotic for pain.[9] Respondent Berger disputes this fact.[10] She stated she gave Petitioner a written release to contact her previous physician, Dr. Federic E. Eckhauser, at the University of Michigan Hospital, Ann Arbor, Michigan, to obtain her medical history, but did not list Dr. Hoheim, her former husband, as a past medical provider and did not give Petitioner permission to contact him. She said she told Petitioner her relationship with her former husband was strained.[11]
Petitioner telephoned Respondent's former husband and discussed with him her request for the narcotic prescription and her past use of prescription drugs.[12] The former husband immediately filed a motion in a pending case in the Montana courts to modify the custodial plan for the couple's children, asserting that Respondent's medical condition and drug use justified modification.[13] Respondent claims that as a result of Petitioner Sonneland's *260 disclosure she developed insomnia and was anxious and stressed at all times, resulting in her becoming physically ill.[14] She asserts that the stress caused nausea and vomiting, irritating previous severe gastrointestinal problems; that she lost weight; and that she no longer trusts physicians.[15] She also claims she had to spend money for attorney fees to contest the custody modification.
On December 20, 1997 Petitioner Sonneland filed a motion for summary judgment.[16] In a memorandum he claimed Respondent could not establish a prima facie case of medical negligence; her claim under the Uniform Health Care Information Act, RCW chapter 70.02 was barred by the statute of limitations; and there was no separate cause of action for breach of confidence or fiduciary relationship.[17] On March 9, 1998 Respondent Berger filed a memorandum in opposition to summary judgment.[18] On March 20, 1998 the parties stipulated to dismissal of the first, second and third causes of action with prejudice, leaving only the medical malpractice claim.[19]
On June 23, 1998 Petitioner Sonneland filed a second motion for summary judgment.[20] In a memorandum he claimed Respondent could not establish a prima facie case of medical negligence because she had not established and could not establish by medical testimony that Petitioner caused her claimed psychological or physical injuries.[21] On July 15, 1998 Respondent filed a motion for summary judgment stating she was no longer claiming any medical or physical injury other than her emotional distress arising out of Petitioner's conduct.[22]
On July 2, 1998 Respondent Berger filed a motion to strike, as untimely, Petitioner's motion for summary judgment.[23] On July 8, 1998 Petitioner Sonneland filed a response to the motion to strike and included a motion to "enlarge time for hearing dispositive motions." He claimed "the alleged tardiness in the motion [was] due to plaintiff's lack of compliance with the court's scheduling order and not as a result of any act or omission by defendant."[24]
On July 10, 1998 Judge Richard J. Schroeder, Spokane County Superior Court, signed an order which read:

II. FINDING
After reviewing the case record to date, and the basis for the motion, the court finds that: The motion should be denied.

III. ORDER
It is ordered that:
1. The motion to strike is Denied.
2. Defendant's Summary Motion will be heard on July 24, 1998.
3. Plaintiff's Response to the Summary Judgment Motion is due July 15, 1998.
Dated: 7/10/98
 /s/ Richard J. Schroeder[25]
 Judge
On January 14, 1998 Respondent Berger filed a declaration of Dr. Thomas R. McCormick, B. Th., M. Div., D. Min., a medical ethicist, who is Director of Counseling Services at the University of Washington School of Medicine, and who was identified as an expert witness to testify at trial.[26] In his *261 declaration Dr. McCormick stated he did not anticipate giving testimony on "medical causation issues," whether that testimony comes from a medical ethicist or a medical doctor.[27] He stated he is familiar with the standard of care for all physicians in Washington, including the physician-patient rule of confidentiality.[28] In his deposition on June 22, 1998 he stated his testimony was "related [only] to the ethical breach."[29]
On July 15, 1998 Respondent filed a response to Petitioner's motion for summary judgment, stating she had in fact presented a prima facie case inasmuch as medical testimony is not required to prove causation because she was claiming emotional distress and consequential damages in legal fees and not claiming medical or physical injury.[30]
On July 21, 1998 Petitioner Sonneland filed a motion and memorandum to exclude Respondent's emotional distress claims.[31] He moved to dismiss her claims for damages because she put her psychological condition in issue, stipulated to a psychological independent medical examination (IME) in Philadelphia, and then refused to be tested.[32] On August 18, 1998 Petitioner Sonneland filed a memorandum in support of his motion to recover costs for the psychological examination.[33]
On August 25, 1998, after a hearing on the motions, Judge Schroeder signed an order which read in part:

III. FINDINGS
Based on review of the foregoing materials, and after hearing argument of counsel, the Court finds as follows:
A. Regarding Summary Judgment
1. There is no genuine issue of material fact and defendant is entitled as a matter of law to summary judgment dismissing this action with prejudice.
2. There is nothing in the record before the Court establishing that the plaintiff suffered any damage as the result of any alleged act or omission by defendant Dr. John Sonneland.
3. The entire remaining claims in plaintiff's complaint and the complaint in its entirety should be dismissed with prejudice.
A. Regarding Motion to Strike McCormick Declaration
1. The McCormick Declaration should not be stricken and that motion should be denied.

IV. ORDER AND JUDGMENT
Based on the foregoing, it is hereby
ORDERED, ADJUDGED AND DECREED as follows:
1. The McCormick Declaration is not stricken.
2. The complaint and all claims therein are dismissed with prejudice.
DONE IN OPEN COURT this 25 of August, 1998.
 /s/ Richard J. Schroeder[34]
 Richard J. Schroeder, J.
On August 12, 1998 Respondent Berger filed a motion for reconsideration of the court's order granting summary judgment.[35] On September 4, 1998 Petitioner Sonneland filed a responding memorandum.[36]
On September 11, 1998, Judge Schroeder signed an order which read:

II. FINDING
After reviewing the case record to date, and the basis for the motion, the court finds that: As the court's ruling was based upon the Plaintiff's failure to present evidence *262 of emotional distress damages, and that issue had not been raised in defendant's original judgment motion.

III. ORDER
It Is Ordered that: Plaintiff's motion for reconsideration is granted; that plaintiff shall have the opportunity to respond to the emotional distress issue by September 28, 1998, and that the Defendant's motion shall be reheard on October 9, 1998, together with Defendant's motion for costs arising out of Dr. Green's exam of the plaintiff.
Dated: 9-11-98
 /s/ Richard J. Schroeder[37]
 Judge
On September 30, 1998 Respondent Berger filed a responsive brief to Petitioner's motion for summary judgment on the issue of emotional damages.[38] On October 2, 1998 Respondent filed a response.[39]
On October 23, 1998, after a hearing, Judge Schroeder signed an order reading in part:

III. FINDINGS
Based on review of the foregoing materials, and after hearing argument of counsel the court finds as follows:
A. Regarding Summary Judgment
1. RCW 7.70 et. seq. supports a cause of action for breach of confidentiality.
2. The plaintiff was required to set forth objective symptoms of emotional distress, as part of her prima facie case to establish liability, not damages. Nord v. Shoreline Savings, 116 Wash.2d 477, 484, 805 P.2d 800 (1991).
3. Plaintiff has not set forth in the record the required objective symptoms of emotional distress required under Washington law and no prima facie case has been established.
4. Accordingly, there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.
5. Therefore this action should be dismissed with prejudice for failure to establish a prima facie case.
B. Regarding Motion for Recovery of Costs
1. The Court finds the costs requested by defendant should not be reimbursed by plaintiff.

ORDER AND JUDGMENT
Based on the foregoing, it is hereby
ORDERED, ADJUDGED, AND DECREED:
1. The complaint and all claims therein are dismissed with prejudice.
2. Defendant's motion to recover IME costs is denied.
DONE IN OPEN COURT this 23 day of October, 1998.
 /s/ Richard J. Schroeder[40]
 Richard J. Schroeder, J.
On October 29, 1998 Respondent Berger filed a motion and memorandum for reconsideration of the order granting summary judgment.[41] On November 9, 1998 Petitioner Sonneland filed a responsive memorandum.[42]
On December 18, 1998, Judge Schroeder signed an order denying Respondent Berger's motion for reconsideration.[43]
On January 13, 1999 Respondent filed a notice of appeal to the Court of Appeals, Division Three.[44] On June 13, 2000 the Court of Appeals, the Honorable Frank L. Kurtz writing, reversed the judgment of the Superior Court and remanded the matter for further proceedings.[45] The court concluded:

*263 We hold that a tort action exists under RCW 7.70.030(1) for damages resulting from the unauthorized disclosure of confidential information related to health care and obtained within the physician-patient relationship. Moreover, a plaintiff seeking compensation for emotional damages resulting from such an action need not meet the heightened standards designed to limit liability in cases alleging bystander negligent infliction of emotional distress. The objective symptomatology requirement, imposed to place limits on a tortfeasor's liability to bystanders, is not necessary to limit liability when the physician's liability is already limited by RCW 7.70.010 and the standard of care requirement of RCW 7.70.030(1). Finally, we hold that one who has established a cause of action for breach of physician-patient confidentiality is entitled to recover damages for (a) the harm to his or her interests in confidentiality resulting from the unauthorized disclosure; (b) his or her mental distress proved to have been suffered if it is of a kind that normally results from such an unauthorized disclosure; and (c) special damage of which the unauthorized disclosure is a legal cause.
Taking the evidence in the light most favorable to Ms. Berger, the evidence here is sufficient to raise a question of fact as to whether Ms. Berger was injured by Dr. Sonneland's unauthorized disclosure of confidential information related to health care and obtained within the physician-patient relationship. For this reason, the judgment of the superior court is reversed and the matter is remanded for further proceedings consistent with this opinion.[46]
On July 13, 2000 Petitioner Sonneland sought review by this court[47] which was granted on October 31, 2000.[48]

DISCUSSION

STANDARD OF REVIEW
"Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[49] The moving party bears the burden of demonstrating there is no genuine dispute as to any material fact.[50] The appellate court engages in the same inquiry as the trial court when reviewing an order for summary judgment.[51] All facts and reasonable inferences are considered in a light most favorable to the nonmoving party.[52] All questions of law are reviewed de novo.[53]

MEDICAL MALPRACTICE
The elements of medical malpractice are set forth in RCW 7.70.040:
(1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances;
(2) Such failure was the proximate cause of the injury complained of.[54]
These elements are particularized expressions of the four traditional elements of negligence: *264 duty, breach, proximate cause, and damage or injury.[55]
The questions presented in this case are discussed in the order of their inclusion as "questions presented."
(1) Whether a cause of action for a physician's unauthorized disclosure of confidential information must be filed solely under the Uniform Health Care Information Act, chapter 70.02 RCW.
The Uniform Health Care Information Act, RCW chapter 70.02, regulates disclosure and access to health care information.[56] The Legislature found that "[h]ealth care information is personal and sensitive information that if improperly used or released may do significant harm to a patient's interests in privacy, health care, or other interests."[57] Under the Act a health care provider may not disclose health care information about a patient to any other person without the patient's written authorization.[58] The Act provides for civil remedies under RCW 70.02.170 which reads:
Civil remedies. (1) A person who has complied with this chapter may maintain an action for the relief provided in this section against a health care provider or facility who has not complied with this chapter.
(2) The court may order the health care provider or other person to comply with this chapter. Such relief may include actual damages, but shall not include consequential or incidental damages. The court shall award reasonable attorneys' fees and all other expenses reasonably incurred to the prevailing party.
(3) Any action under this chapter is barred unless the action is commenced within two years after the cause of action is discovered.
(4) A violation of this chapter shall not be deemed a violation of the consumer protection act, chapter 19.86 RCW.[59]
Petitioner Sonneland claims Respondent Berger's exclusive remedy for her cause of action is under the Uniform Health Care Information Act and her claim is time-barred because of the two-year statute of limitations under the Act.[60] Respondent argues there is nothing in RCW chapter 70.02 which indicates the Legislature intended to restrict the Act to all causes of action relating to physician-patient confidentiality and that the language of the Act indicates the remedy is not limited to the Act.[61] The Court of Appeals mentioned the Act, but did not discuss whether all causes of action relating to physician-patient confidentiality must be filed under it.[62]
Statutory interpretation is a question of law which this court reviews de novo.[63] Courts should assume the Legislature means exactly what it says.[64] Plain words do not require construction.[65] The courts do not engage in statutory interpretation of a statute that is unambiguous.[66] If a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself.[67] A statute is ambiguous if it *265 can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable.[68] The courts are not "obliged to discern an ambiguity by imagining a variety of alternative interpretations."[69]
RCW chapter 70.02 is not ambiguous. RCW 70.02.170(1) reads "[a] person who has complied with this chapter may maintain an action for the relief provided in this section."[70] The Act contains no language indicating that the Legislature intended it to be the exclusive or sole remedy for a physician's unauthorized disclosure of a patient's confidential information. Furthermore, Respondent correctly asserts the language in RCW 70.02.030 and RCW 70.02.060 indicates the Act was not intended to be the sole remedy.[71]
The Uniform Health Care Information Act, chapter 70.02 RCW, is not the sole or exclusive remedy for unauthorized disclosure of a patient's confidential information. Although Respondent's claim would be time-barred by the Act's two-year statute of limitations, she is not limited to filing her action under the Act. She may have a cause of action under another statute in which event she could have available statutes of limitation from three to eight years.[72]
(2) Whether there is a cause of action for unauthorized disclosure by a physician of confidential information under RCW chapter 7.70.
This court has recognized a cause of action against a physician for unauthorized disclosure of privileged information.[73] Causes of action for injuries occurring as a result of health care are governed by RCW chapter 7.70.[74]
RCW 7.70.010 reads:
Declaration of modification of actions for damages based upon injuries resulting from health care. The state of Washington, exercising its police and sovereign power, hereby modifies as set forth in this chapter and in RCW 4.16.350, as now or hereafter amended, certain substantive and procedural aspects of all civil actions and causes of action, whether based on tort, contract, or otherwise, for damages for injury occurring as a result of health care which is provided after June 25, 1976.
RCW 7.70.030 reads:
Propositions required to be established Burden of proof. No award shall be made in any action or arbitration for damages for injury occurring as a result of health care which is provided after June *266 25, 1976, unless the plaintiff establishes one or more of the following propositions:
(1) That injury resulted from the failure of a health care provider to follow the accepted standard of care;
(2) That a health care provider promised the patient or his representative that the injury suffered would not occur;
(3) That injury resulted from health care to which the patient or his representative did not consent.
Unless otherwise provided in this chapter, the plaintiff shall have the burden of proving each fact essential to an award by a preponderance of the evidence.
Petitioner Sonneland claims Respondent does not have a cause of action for breach of physician-patient confidentiality under RCW chapter 7.70 because her injuries were not the result of "health care."[75] He also claims Estate of Sly v. Linville[76] is similar to this case and should be followed for the decision in this case.[77] Respondent Berger argues the Court of Appeals correctly concluded she has a cause of action under chapter 7.70 RCW because Petitioner's conduct did constitute health care.[78] She argues that Linville is distinguishable because that case does not involve breach of physician-patient confidentiality.[79]
The Court of Appeals in this case concluded "a tort action exists under RCW 7.70.030(1) for damages resulting from the unauthorized disclosure of confidential information related to health care and obtained within the physician-patient relationship."[80] The court concluded that Linville is distinguishable because that case involved misrepresentations made by a physician to a patient within the physician-patient relationship, while in this case the physician's disclosure was made to a third party.[81] The Court of Appeals correctly observed that Linville did not address the confidential nature of the physician-patient relationship or whether RCW chapter 7.70 supports a cause of action for unauthorized disclosure of confidential information obtained by a physician from a patient.[82]
In Linville the court determined a patient's claim was time-barred by the eight-year statute of limitations under RCW 4.16.350 which provides the statute of limitations for injuries resulting from "health care."[83] In that case a physician made misrepresentations to a patient concerning treatment the patient received from a previous physician saying the previous physician had given the patient the "best of care."[84] The patient claimed the misrepresentation caused him to delay filing a suit against his previous physician with the result that his claim was time-barred by the statute of limitations.[85] The court determined the patient's cause of action against the physician was not barred by the eight-year statute of limitation under RCW 4.16.350 because the misrepresentation was not "health care."[86] The court also indicated the patient did not have a cause of action under RCW 7.70.010 because the physician's misrepresentations were not health care inasmuch as the breach did not occur while the physician was "`utilizing the skills which he had been taught in examining, diagnosing, treating or caring for'" the patient.[87]
When injury results from health care, any legal action is governed by RCW chapter 7.70.[88] "Health care" is not defined *267 in the statute.[89] When a term is not defined in a statute, the court may look to a dictionary or to common law for the definition.[90] Health care is "`the process in which [a physician is] utilizing the skills which [the physician] had been taught in examining, diagnosing, treating or caring for the plaintiff as [the physician's] patient.'"[91] This definition is consistent with the dictionary definition of "health care" as
[t]he prevention, treatment, and management of illness and the preservation of mental and physical well-being through the services offered by the medical and allied health professions.[92]
The Court of Appeals correctly concluded Petitioner's conduct constituted health care and that Linville is distinguishable. When the physician in Linville commented on the patient's previous physician, he was not utilizing the skills he had been taught in examining, diagnosing, treating or caring for the patient. However, in this case Petitioner Sonneland's conduct did constitute "health care" because he disclosed the confidential information in his effort to discover more information about Respondent's use of pain medications so he could treat, diagnose, or care for her. Petitioner Sonneland's conduct meets the definition of "health care." Respondent Berger should be able to file a claim under RCW chapter 7.70.
(3) Whether expert medical evidence is required to prove emotional distress under RCW chapter 7.70.
Petitioner Sonneland claims expert medical opinion is necessary to prove the existence and causation of Respondent's emotional distress because those facts are not immediately apparent to laypersons.[93] Respondent Berger asserts her injures are wholly recognizable by laypersons and do not require medical testimony on causation.[94] The Court of Appeals agreed and concluded expert testimony on causation is not required because the medical facts related to causation are readily observable to laypersons.[95]
"In general, expert testimony is required when an essential element in the case is best established by an opinion which is beyond the expertise of a layperson."[96] Expert testimony will generally be necessary to establish the standard of care and most elements of causation.[97] Medical testimony on proximate cause is required in medical malpractice cases.[98] Medical facts must be proved by expert testimony unless they are observable by laypersons and describable without medical training.[99] For example, technical medical expertise is not required in cases where a physician amputates the *268 wrong limb or pokes a patient in the eye while stitching a wound on the face.[100] A defendant may move for summary judgment on the ground that a plaintiff has presented no medical evidence to make a prima facie case of medical malpractice.[101]
To make a prima facie case under RCW chapter 7.70 when the plaintiff claims a physician did not follow the accepted standard of care, the plaintiff must prove:
(1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances;

(2) Such a failure was the proximate cause of the injury complained of.[102]
The Court of Appeals erroneously concluded that Respondent's emotional distress and causation were observable by laypersons. Because of her extensive and unusual medical history, the cause of Respondent Berger's insomnia, stress, and gastrointestinal problems requires medical evidence and cannot be determined by observation of laypersons. Furthermore, causation of Respondent's injuries is not readily observable because she had the same symptoms years before Petitioner disclosed the confidential information and those preexisting medical problems were the reason she consulted Petitioner. Respondent provided a declaration from a medical ethicist concerning the standard of care, but did not provide a declaration on causation. Under the facts of this case, causation is not readily apparent to laypersons.[103] Expert medical testimony is essential for Respondent to prove her emotional distress claim.
Petitioner Sonneland correctly asserted Respondent has not presented any evidence on causation, a necessary element for a prima facie case under chapter 7.70 RCW.[104] Because Respondent has not presented any evidence to rebut Petitioner's initial showing that no material fact remains to be decided, Petitioner Sonneland is entitled to summary judgment.[105]
(4) Whether objectively verifiable symptoms are required to support a cause of action for emotional distress under RCW chapter 7.70.
Petitioner Sonneland asserts Respondent must prove her claimed emotional distress with objectively verifiable symptoms.[106] He claims the objective symptom requirement is not limited to negligent infliction of emotional distress claims.[107] Respondent Berger argues objective symptoms of emotional distress are not required for a claim of breach of physician-patient confidentiality because the requirement is limited to claims for negligent infliction of emotional distress.[108]
The Court of Appeals concluded a plaintiff seeking compensation for emotional damages under RCW chapter 7.70 is not required to meet the objective symptomology requirement.[109] The court reasoned the objective symptom requirement is not necessary to limit liability under RCW chapter 7.70 because a physician's liability is already *269 limited by RCW 7.70.010 and by the standard of care requirement of RCW 7.70.030(1).[110]
The objective symptom requirement was first articulated in Hunsley v. Giard, the first Washington case to recognize a cause of action for bystander negligent infliction of emotional distress.[111] "[T]o satisfy the objective symptomology requirement established in Hunsley, a plaintiff's emotional distress must be susceptible to medical diagnosis and proved through medical evidence."[112] Washington cases have limited the objective symptom requirement to negligent infliction of emotional distress claims.[113]
In this case the Court of Appeals correctly concluded the objective symptom requirement is not necessary to prove emotional distress damages under RCW chapter 7.70 because Respondent did not claim negligent infliction of emotional distress. Petitioner cites no authority for his proposition that the requirement should be extended to other causes of action. Respondent Berger is not required to establish objective symptoms to make a factual determination whether a physician disclosed confidential information without authority.[114]

SUMMARY AND CONCLUSIONS
A cause of action for a physician's unauthorized disclosure of confidential patient information is not required to be filed only under the Uniform Health Care Information Act, RCW chapter 70.02. Respondent is not limited to filing her cause of action against Petitioner under the Act.
There is a cause of action under RCW chapter 7.70 for a physician's unauthorized disclosure of confidential information when the injury occurs as a result of "health care," when the breach occurs while the physician is utilizing the skills the physician had been taught in examining, diagnosing, treating or caring for the patient. Petitioner Sonneland's conduct constituted "health care" when he disclosed Respondent's confidential health care information without authorization.
Expert medical evidence is required under the particular facts of this case to establish a claim under RCW chapter 7.70 because causation is not observable by laypersons. Our conclusion is limited to the facts of this case in which the patient has an extensive and unusual medical history which requires medical evidence to establish causation of her emotional distress. In the summary judgment proceedings Respondent did not establish causation with expert medical evidence. Nor did she establish the consequential damages of attorney fees she claims to have incurred because of Petitioner's unauthorized disclosure of confidential information to her former husband. Her mere assertion in her pleadings that she incurred legal expense does not rise to the level of proof required for summary judgment. She did not make a prima facie case. The trial court was correct in granting summary judgment in favor of Petitioner Sonneland.
We reverse the Court of Appeals and affirm the decision of the Spokane County Superior Court granting summary judgment in favor of Petitioner John Sonneland, M.D.
ALEXANDER, C.J., JOHNSON, BRIDGE, CHAMBERS, OWENS, JJ., concur.
*270 IRELAND, J. (dissenting).
When considering the evidence and reasonable inferences therefrom in the light most favorable to Plaintiff Suzan Berger, there is a genuine issue of material fact as to whether she suffered emotional distress as a result of Dr. John Sonneland's alleged medical malpractice in making an unauthorized disclosure of confidential patient information. Therefore, I respectfully dissent from the summary dismissal of Berger's claim.
I concur with the majority's conclusion that the Uniform Health Care Information Act (chapter 70.02 RCW) "is not the sole or exclusive remedy for unauthorized disclosure of a patient's confidential information." Majority at 265. I also agree that Berger can bring a cause of action for breach of physician-patient confidentiality under chapter 7.70 RCW because Sonneland's conduct constituted "health care" within the meaning of the statute when he disclosed Berger's confidential information to her ex-husband without authorization. Id. at 266, 269. Sonneland "disclosed the confidential information in his effort to discover more information about ... [Berger's] use of pain medications so he could treat, diagnose, or care for her." Id. at 267.
The majority notes that Berger filed a motion for summary judgment stating that she was claiming only her emotional distress arising out of Sonneland's conduct. Id. at 260. Berger claimed that as a result of Sonneland's disclosure, she developed insomnia, anxiety, and stress (including nausea, vomiting, and weight loss), and that she incurred legal fees (consequential damages) in contesting her ex-husband's subsequent action to modify the custodial plan for their children. Id. at 259-60; Clerk's Papers (CP) at 124-25.
"[T]he general rule in Washington is that expert medical testimony on the issue of proximate cause is required in medical malpractice cases." Reese v. Stroh, 128 Wash.2d 300, 308, 907 P.2d 282 (1995). However, the rule is predicated on the premise that jurors and courts do not usually have sufficient knowledge and training to determine whether a physician's actions caused a plaintiff's injury. Id.
In the case before us, Berger's symptoms of emotional distress are manifested by symptoms that are readily observable by laypersons and can be described without medical training. Berger's gastrointestinal problems or an alleged psychiatric disorder would necessitate expert medical evidence to establish causation. Therefore, to the extent she seeks to show emotional distress resulting from or associated with her gastrointestinal problems, or which cannot be readily distinguished from stress caused by those problems, an expert is necessary to establish the necessary causal link. However, it is not such conditions which she attributes to the medical malpractice. Technical expertise is not required to understand the alleged anxiety and stress generated by disclosures to an ex-husband and a child custody action allegedly precipitated by the physician's disclosure. The Court of Appeals properly held as follows:
[O]ne who has established a cause of action for breach of physician-patient confidentiality is entitled to recover damages for (a) the harm to his or her interests in confidentiality resulting from the unauthorized disclosure; (b) his or her mental distress proved to have been suffered if it is of a kind that normally results from such an unauthorized disclosure; and (c) special damage of which the unauthorized disclosure is a legal cause.
Berger v. Sonneland, 101 Wash.App. 141, 158, 1 P.3d 1187 (2000).
A plaintiff alleging emotional distress as the damage for breach of the physician-patient relationship should not invariably be required to prove the emotional distress by expert testimony. Berger should be able to pursue her action for a breach of Sonneland's professional duty.[1]
*271 Moreover, Berger has also presented sufficient factual evidence that Sonneland's disclosure of confidential information caused her to expend funds hiring an attorney to represent her when her former husband moved for modification of their children's placement. The majority incorrectly states that she has merely asserted that she incurred legal expense. Majority at 30. Berger filed a declaration stating she hired an attorney for this purpose, and she appended copies of her contract with that attorney as well as a statement showing draws against the retainer she paid. CP at 124-31. She has clearly provided sufficient evidence as to both causation and damages to withstand summary judgment on this basis as well.
In addition, Berger submitted declarations describing her lack of trust of health care providers and associated stress resulting from Sonneland's breach of confidentiality. Given her health conditions, it is necessary for her to have frequent contact with health care providers, and expert testimony is not necessary to show a causal link between her emotional distress in dealing with health care providers, knowing that her trust has previously been betrayed by her own physician, and that betrayal.
When accepting Berger's factual allegations as true, and drawing all reasonable inferences in her favor, there is sufficient evidence to raise a question of fact as to whether Berger suffered emotional distress as a result of Sonneland's disclosure of confidential information about her. The Court of Appeals should be affirmed, summary dismissal of Berger's medical malpractice claim should be reversed, and the case should be remanded for trial.
MADSEN and SANDERS, JJ., concur.
NOTES
[1] Berger v. Sonneland, 101 Wash.App. 141, 143, 1 P.3d 1187 (2000).
[2] Clerk's Papers at 3.
[3] Chapter 70.02 RCW; see RCW 70.02.902.
[4] Clerk's Papers at 5.
[5] Id. at 4.
[6] Id. at 9.
[7] Id.
[8] Id.
[9] Id.
[10] Id. at 23.
[11] Id. at 23-25.
[12] Id. at 25.
[13] Id.
[14] Id. at 124-25.
[15] Id.
[16] Id. at 22, 35.
[17] Id. at 16, 21.
[18] Id. at 27.
[19] Id. at 33. The first, second, and third causes of action were for breach of (1) confidentiality; (2) fiduciary relationship; and (3) the Uniform Health Care Information Act, chapter 70.02 RCW.
[20] Id. at 33, 46.
[21] Id. at 35.
[22] Id. at 68.
[23] Id. at 48.
[24] Id.
[25] Id. at 54.
[26] Id. at 55-56.
[27] Id.
[28] Id.
[29] Id.
[30] Id. at 67-68.
[31] Id. at 118, 122.
[32] Id. at 122.
[33] Id. at 144.
[34] Id. at 149-50.
[35] Id. at 135.
[36] Id. at 151.
[37] Id. at 158.
[38] Id. at 162.
[39] Id. at 169.
[40] Id. at 207.
[41] Id. at 22, 227.
[42] Id. at 228.
[43] Id. at 232.
[44] Id. at 234.
[45] Berger, 101 Wash.App. at 158, 1 P.3d 1187.
[46] Id. at 157-58, 1 P.3d 1187.
[47] Petition for Discretionary Review, Washington State Supreme Court (July 13, 1998).
[48] Order, Washington State Supreme Court (Oct. 31, 2000).
[49] Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998) (citing CR 56(c)).
[50] Folsom, 135 Wash.2d at 663, 958 P.2d 301 (citing Lamon v. McDonnell Douglas Corp., 91 Wash.2d 345, 349, 588 P.2d 1346 (1979)).
[51] Mt. Park Homeowners Ass'n v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994) (citing Syrovy v. Alpine Resources, Inc., 122 Wash.2d 544, 548 n. 3, 859 P.2d 51 (1993)).
[52] Mt. Park Homeowners, 125 Wash.2d at 341, 883 P.2d 1383 (citing Taggart v. State, 118 Wash.2d 195, 199, 822 P.2d 243 (1992)); Syrovy, 122 Wash.2d at 548 n. 3, 859 P.2d 51.
[53] Id.
[54] Caughell v. Group Health Co-op. of Puget Sound, 124 Wash.2d 217, 233, 876 P.2d 898 (1994) (quoting RCW 7.70.040).
[55] Id. at 233, 876 P.2d 898.
[56] Chapter 70.02 RCW.
[57] RCW 70.02.005.
[58] RCW 70.02.020.
[59] RCW 70.02.170 (emphasis added).
[60] Pet. for Discretionary Review at 7, 12. See RCW 70.02.170(3).
[61] Answer to Pet. for Discretionary Review at 6-7.
[62] Berger, 101 Wash.App. at 150, 1 P.3d 1187.
[63] Western Telepage, Inc. v. Dept. of Financing, 140 Wash.2d 599, 607, 998 P.2d 884 (2000) (citing Enterprise Leasing, Inc. v. City of Tacoma 139 Wash.2d 546, 988 P.2d 961 (1999)).
[64] Western Telepage, 140 Wash.2d at 609, 998 P.2d 884 (quoting State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995) (quoting Sidis v. Brodie/Dohrmann, Inc., 117 Wash.2d 325, 329, 815 P.2d 781 (1991))); State v. Smith, 117 Wash.2d 263, 271, 814 P.2d 652 (1991).
[65] Id.
[66] Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999) (citing Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996)).
[67] State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999).
[68] Id.
[69] Western Telepage, 140 Wash.2d at 608, 998 P.2d 884.
[70] RCW 70.02.170(1) (emphasis added).
[71] RCW 70.02.030(4) provides in part:

Patient authorization of disclosure. (1) A patient may authorize a health care provider to disclose the patient's health care information. A health care provider shall honor an authorization and, if requested, provide a copy of the recorded health care information unless the health care provider denies the patient access to health care information under RCW 70.02.090.
. . . .
(4) Except as provided by this chapter, the signing of an authorization by a patient is not a waiver of any rights a patient has under other statutes, the rules of evidence, or common law.
. . . .
RCW 70.02.060(3) provides:
Discovery request or compulsory process.
. . . .
(3) Production of health care information under this section, in and of itself, does not constitute a waiver of any privilege, objection, or defense existing under other law or rule of evidence or procedure.
[72] See RCW 4.16.350.
[73] Loudon v. Mhyre, 110 Wash.2d 675, 680, 756 P.2d 138 (1988) (citing Smith v. Driscoll, 94 Wash. 441, 442, 162 P. 572 (1917) ("Neither is it necessary to pursue at length the inquiry of whether a cause of action lies in favor of a patient against a physician for wrongfully divulging confidential communications. For the purposes of what we shall say, it will be assumed that, for so palpable a wrong, the law provides a remedy.")).
[74] RCW 7.70.010, .030. See Branom v. State, 94 Wash.App. 964, 968-69, 974 P.2d 335, review denied, 138 Wash.2d 1023, 989 P.2d 1136 (1999). Petitioner also claims the Court of Appeals applied the wrong test to define "health care." However, the Court of Appeals did not define "health care." It only defined what was not "health care" under chapter 7.70 RCW.
[75] Pet. for Discretionary Review at 12-16.
[76] Estate of Sly v. Linville, 75 Wash.App. 431, 878 P.2d 1241 (1994).
[77] Pet. for Discretionary Review at 12-16.
[78] Answer to Pet. for Discretionary Review at 7.
[79] Id. at 9.
[80] Berger, 101 Wash.App. at 157, 1 P.3d 1187.
[81] Id. at 148, 1 P.3d 1187.
[82] Id.
[83] Linville, 75 Wash.App. at 440, 878 P.2d 1241.
[84] Id. at 433, 878 P.2d 1241.
[85] Id. at 434, 878 P.2d 1241.
[86] Id. at 440, 878 P.2d 1241.
[87] Id. (quoting Tighe v. Ginsberg, 146 A.D.2d 268, 271, 540 N.Y.S.2d 99 (1989)).
[88] RCW 7.70.010, .030. See Branom, 94 Wash. App. at 968-69, 974 P.2d 335.
[89] But see RCW 70.02.010 which provides:

70.02.010 Definitions. As used in this chapter, unless the context otherwise requires:
. . . .
(4) "Health care" means any care, service, or procedure provided by a health care provider:
(a) To diagnose, treat, or maintain a patient's physical or mental condition; or
(b) That affects the structure or any function of the human body.
[90] State v. Pacheco, 125 Wash.2d 150, 154, 882 P.2d 183 (1994) (citing State v. Sanchez, 73 Wash.App. 486, 488, 869 P.2d 1133 (1994) (citing Shoreline Comm'ty Coll. Dist. 7 v. Employment Sec. Dep't, 120 Wash.2d 394, 403, 842 P.2d 938 (1992))).
[91] See Branom, 94 Wash.App. at 969-70, 974 P.2d 335 (quoting Linville, 75 Wash.App. at 439, 878 P.2d 1241).
[92] THE AMERICAN HERITAGE DICTIONARY 833 (3d ed.1992). See Branom, 94 Wash.App. at 969-70, 974 P.2d 335.
[93] Pet. for Discretionary Review at 17-18.
[94] Answer to Pet. for Discretionary Review at 11.
[95] Berger, 101 Wash.App. at 153, 1 P.3d 1187.
[96] Harris v. Groth, 99 Wash.2d 438, 449, 663 P.2d 113 (1983) (citing 5A Karl Tegland, Washington Practice: Evidence § 300 (1982)).
[97] Harris, 99 Wash.2d at 449, 663 P.2d 113 (citing Douglas v. Bussabarger, 73 Wash.2d 476, 479, 438 P.2d 829 (1968); Bennett v. Dep't of Labor & Indus., 95 Wash.2d 531, 533, 627 P.2d 104 (1981)).
[98] Reese v. Stroh, 128 Wash.2d 300, 308, 907 P.2d 282 (1995).
[99] Harris, 99 Wash.2d at 449, 663 P.2d 113 (citing Bennett, 95 Wash.2d at 533, 627 P.2d 104). See ER 701 (opinion testimony by lay witnesses.)
[100] Young v. Key Pharm., Inc., 112 Wash.2d 216, 228, 770 P.2d 182 (1989).
[101] Id. at 228, 770 P.2d 182.
[102] RCW 7.70.040 (emphasis added).
[103] See Harris, 99 Wash.2d at 449, 663 P.2d 113 (citing Bennett, 95 Wash.2d at 533, 627 P.2d 104).
[104] See RCW 7.70.040(2). See Folsom, 135 Wash.2d at 663, 958 P.2d 301 (Respondent's pleadings, affidavits, depositions, and admissions must demonstrate a genuine issue of material fact.). See Young, 112 Wash.2d at 225-26, 770 P.2d 182 (In summary judgment the moving party bears the burden of showing absence of an issue of material fact. After the moving party has met this initial burden the non-moving party must establish the existence of facts necessary to make a prima facie case.).
[105] See Young, 112 Wash.2d at 225-27, 770 P.2d 182.
[106] Pet. for Discretionary Review at 18-19.
[107] Id. at 19.
[108] Answer to Pet. for Discretionary Review at 10-11.
[109] Berger, 101 Wash.App. at 157-58, 1 P.3d 1187.
[110] Id. at 158, 1 P.3d 1187.
[111] Hunsley v. Giard, 87 Wash.2d 424, 436, 553 P.2d 1096 (1976); Hegel v. McMahon, 136 Wash.2d 122, 126, 960 P.2d 424 (1998).
[112] Hegel, 136 Wash.2d at 135, 960 P.2d 424.
[113] Hunsley, 87 Wash.2d at 436, 553 P.2d 1096; Nord v. Shoreline Savings Ass'n, 116 Wash.2d 477, 485, 805 P.2d 800 (1991) ("[T]he objective symptom requirement applies in cases where negligent infliction of emotional distress is asserted, and goes to proof of liability, not damages."). See also Hegel, 136 Wash.2d at 132, 960 P.2d 424 ("In order to recover for negligent infliction of emotional distress, a plaintiff's emotional response must be reasonable under the circumstances, and be corroborated by objective symptoms.").
[114] Although the trial court made an incorrect conclusion of law when indicating Respondent was required to establish objective symptoms to make a prima facie case, this mistake of law does not make a difference on the motion for summary judgment because summary judgment should be granted to Petitioner Sonneland on other grounds.
[1] A negligence action may be maintained by a plaintiff claiming only emotional distress damages if avoidance of emotional distress to the plaintiff is within the scope of the defendant's duty of care. The traditional concepts of duty, breach, causation, and damages govern the right of a plaintiff to recover in a negligence action when emotional distress is the only damage claimed. Whaley v. State, 90 Wash.App. 658, 672-74, 956 P.2d 1100 (1998).