IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

|                        |     |                        |
|------------------------|-----|------------------------|
| THOMAS THORN,          | )   |                        |
|                        | )   | No. 34151-8-III        |
| Appellant,             | )   |                        |
|                        | )   |                        |
| v.                     | )   |                        |
|                        | )   |                        |
| DEBRA CROMER,          | )   | UNPUBLISHED OPINION    |
|                        | )   |                        |
| Respondent.            | )   |                        |

KORSMO, J. — Dr. Thomas Thorn appeals from the trial court's dismissal of his committed intimate relationship (CIR) action against Debra Cromer. Concluding that he was estopped to claim the date of separation was other than what had been determined at a child support enforcement hearing, we affirm the trial court's dismissal of the action on statute of limitations grounds.

## FACTS

Dr. Thorn, although married to another woman until June 2015, moved into Ms. Cromer's home in August 2008. The couple had a child together, a baby born March 17, 2010. In August 2011, Dr. Thorn took a position in Salem, Oregon, and would return to Ms. Cromer's Grant County home on weekends. This created a strain in the relationship and led to Ms. Cromer suing for child support.

Dr. Thorn returned to live with Ms. Cromer, but she stopped holding themselves out as being in a CIR.[1] Thorn still lived at Cromer's house on July 16, 2012, but left that day after an argument in which he assaulted her. He was arrested the following day on assault charges and spent nearly three months in jail. He eventually was acquitted of the charges on grounds of self-defense.

The child support action proceeded to a hearing before an administrative law judge (ALJ) on November 21, 2014. There, responding to questions from his attorney, Dr. Thorn told the hearing examiner that he was living at the house on July 16, 2012, and separated then because of fighting.[2] His attorney argued to the ALJ that "one thing that is absolutely clear is that these parties separated on July 16 of 2012, the day before . . . Dr. Thorn was arrested." Clerk's Papers (CP) at 367. He also told the ALJ that "the only solid date we have to go off here is July 16th of 2012. . . . [T]here's a valid separation on that date . . . that I think, you know, we can really go off of here, for the separation." CP at 371. The ALJ found that Dr. Thorn resided with Ms. Cromer until July 16, 2012, and that no support was owed for the period up to that date, but Dr. Thorn would pay support after that date.

---

[1] Since this matter was decided on summary judgment, we state the facts of the relationship as Dr. Thorn contends they are, while recognizing that Ms. Cromer does not agree.

[2] Ms. Cromer denied that Dr. Thorn was still staying at her house in July 2012.

On July 17, 2015, Dr. Thorn filed a complaint seeking to divide community assets and debts accumulated during his relationship with Ms. Cromer. Ms. Cromer denied the existence of a CIR and argued that the statute of limitations had expired because the parties had separated in August 2011. In response, Dr. Thorn asserted that the relationship had ended on July 17, 2012, and noted that the ALJ had agreed with him, even though the ALJ had found July 16 was the date of separation. Dr. Thorn admitted that July 16 was the last date he slept in the house.

At summary judgment, the court declined to determine if a CIR actually existed.[3] The court ruled that Dr. Thorn had filed one day after the statute of limitations had run and dismissed the action. After reconsideration was denied, Dr. Thorn timely appealed to this court.

## ANALYSIS

The dispositive issue is whether this action was timely filed. Because the administrative findings were supported by Dr. Thorn's own testimony and argument, he is estopped from claiming that the couple separated on July 17, 2012.[4]

---

[3] Since Dr. Thorn was still married, it is questionable that a community-like relationship could be formed with another person while the marriage lasted.

[4] We do not independently consider the ruling on reconsideration since it is part and parcel of the original summary judgment order.

3

Three basic principles, all well settled, guide the resolution of this appeal. First, summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Berger v. Sonneland*, 144 Wn.2d 91, 102, 26 P.3d 257 (2001). The moving party bears the burden of demonstrating there is no genuine dispute as to any material fact. *Id.* This court engages in the same inquiry as the trial court when reviewing an order for summary judgment. *Id.* All facts and reasonable inferences are considered in a light most favorable to the nonmoving party. *Id.* at 102-103. All questions of law are reviewed de novo. *Id.* at 103.

Second, courts will equitably divide the "community-like property" of parties involved in a committed intimate relationship. *Soltero v. Wimer*, 159 Wn.2d 428, 430, 435, 150 P.3d 552 (2007). However, it is only property that would be considered community property if held by a married couple that is subject to division by the court. *Id.* at 435. The separate property of the parties "is *not* subject to distribution." *Id.* at 430. The statute of limitations for bringing a CIR claim is the three year statute governing personal property. RCW 4.16.080(2). A party must establish that a CIR existed within three years of bringing suit. *In re Kelly & Moesslang*, 170 Wn. App. 722, 736-737, 287 P.3d 12 (2012).

Third, the doctrine of collateral estoppel serves to bar litigation where an issue of ultimate fact has already been determined in previous litigation. *State v. Mullin-Coston*,

4

152 Wn.2d 107, 113, 95 P.3d 321 (2004). The party seeking to enforce collateral estoppel must establish that (1) the issue previously decided is identical to the one presented, (2) the prior adjudication ended in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted must be the same as the party in the prior litigation, and (4) application of collateral estoppel does not work a substantial injustice. *Id.* at 114.

When considering whether to apply collateral estoppel to an administrative action, this court also should consider: (1) whether the agency, acting within its competence, made a factual decision, (2) procedural differences between the agency and a court, and (3) policy considerations. *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 508, 745 P.2d 858 (1987). Applying these factors, *Shoemaker* concluded that civil service commissions can resolve factual issues concerning termination and employment policies, and that collateral estoppel could be applied to those findings. *Id.*

With this background, we turn to the issue presented. Dr. Thorn claims that the trial court erred in using the July 16 date since he also had identified July 17 as a date of separation in his testimony to the ALJ. However, the written findings from the administrative hearing, which also were supported by Dr. Thorn's testimony, identified July 16 as the date of separation. We conclude that the trial court properly relied on the written finding.

It is well settled law that administrative determinations can be the subject of estoppel in later legal proceedings. *E.g, Reninger v. State Dep't of Corrs.*, 134 Wn.2d

5

437, 449-450, 951 P.2d 782 (1998) (wrongful discharge action); *Stevedoring Servs. of Am. v. Eggert*, 129 Wn.2d 17, 40, 914 P.2d 737 (1996) (action for overpayment); *Shoemaker*, 109 Wn.2d at 507-513 (certified question from federal court concerning effect of administrative findings); *State v. Dupard*, 93 Wn.2d 268, 274-275, 609 P.2d 961 (1980) (criminal prosecution). As noted, the *Shoemaker* test concerns both practical and policy considerations before acceptance of administrative findings. For instance, in *Stevedoring Services*, estoppel was not applied because the defendant had not had the opportunity to fully develop its defense at the administrative hearing due to an error of law made by the ALJ. 129 Wn.2d at 40-41. In *Dupard*, the court declined to give conclusive effect to Parole Board rulings in a subsequent criminal prosecution due to policy considerations. 93 Wn.2d at 274-277.

Here, we believe that policy considerations favor application of collateral estoppel to the ALJ's determination that July 16, 2012, was the date the couple separated. The date was crucial to his future support obligation since, prior to that time, the couple supposedly had been living together and supporting their child together. Determining the date of separation was the primary issue in the support case and a matter well within the ALJ's authority to resolve. Dr. Thorn himself asserted that date (as well as the following day) in his testimony, and his counsel asserted that date should be the basis for the ALJ's

decision.[5] Given all of these considerations, this is exactly the type of administrative determination that should be subject to estoppel in a future proceeding. The trial court correctly applied collateral estoppel to the ALJ's factual determination that July 16 was the date the relationship ended.

Accordingly, this action was untimely filed. Summary judgment therefore was proper. The judgment is affirmed.[6]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR: .

_____          _____
Fearing, C.J.                            Lawrence-Berrey, J.

---

[5] In view of our conclusion, we do not independently consider whether judicial estoppel would also apply to prevent Dr. Thorn from arguing a position here that is inconsistent with the position he argued to the ALJ. *See King v. Clodfelter*, 10 Wn. App. 514, 519, 518 P.2d 206 (1974) ("The purpose of judicial estoppel is to bar as evidence statements and declarations by a party which would be contrary to sworn testimony the party has given in the same or prior judicial proceedings."); *Cunningham v. Reliable Concrete Pumping, Inc.*, 126 Wn. App. 222, 224-225, 108 P.3d 147 (2005). A second purpose of the doctrine is to "preserve respect for judicial proceedings." *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538, 160 P.3d 13 (2007) (internal quotation marks omitted).

[6] Although it is a close call, we decline Ms. Cromer's request that we award her sanctions for responding to a frivolous appeal. Given that the statute of limitations was only missed by one day, we do not think that the appeal, although without merit, was necessarily frivolous.

7