IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PALMER D. STRAND, PATRICIA N. STRAND, | ) ) ) | No. 36538-7-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SPOKANE COUNTY AND SPOKANE COUNTY ASSESSOR, | ) ) ) | |
| Respondent. | ) ) | |

LAWRENCE-BERREY, C.J. — Patricia Strand and Palmer Strand appeal the

dismissal of their Public Records Act claims against Spokane County and the Spokane

County Assessor (collectively, "Assessor").  We affirm.

FACTS

On December 29, 2016, Palmer and Patricia Strand submitted a public records

request to the Assessor for six groups of records.  The fifth group of requested records is

at issue here:

No. 36538-7-III
*Strand v. Spokane County*

        5.      The complete real property inspection history of each-and-every appraiser for each year from Jan/1/2012 through the date the records are produced.  This should include the properties inspected with a column for at least these inspection specifics:
        A.  parcel number,
        B.  parcel address,
        C.  inspection date,
        D.  "NC" if inspection resulted in No Change in value due to inspection.

Clerk's Papers (CP) at 18.

On the same day that the records were requested, the Assessor responded to the Strands with a list of public website addresses to parcel numbers, addresses, and records including: comparable sales, taxes paid, segregation/mergers records, valuation notices, and parcel summaries with photos, along with other websites.  Between December 29, 2016, and September 28, 2017, the Assessor made 16 installments of productions of public records to the Strands.

On February 16, 2017, the Assessor responded to the Strands' group #5D request and stated:

> We do not generate any such record.  As we have told you many times, the entire history of every inspection of every parcel is contained in the data entered into Proval.

CP at 31.

On May 24, 2017, the Assessor further responded to Strands' group #5D request:

2

> Regarding item #5[D] . . . the Assessor's office does not generate any such record. However, all that information would be on the property record card for every parcel in the County. I can produce those for you, but I must create all 215,000 one at a time. It takes about a minute to create one property record card. I can spend about 10 hours per week on public records requests. If I worked only on your public records request and could generate 500 property cards per week, it would take a little over 8 years to finish production.

CP at 49. On May 29, the Strands responded, "[We] did not request property record cards." CP at 51. A property record card contains a "parcel number, parcel address, inspection date, and property valuation" for a specific parcel. CP at 324. The Strands rejected an offer to produce batches of property record cards that, according to the Assessor, would cut production time down to two years.

On September 18, 22, and 29, 2017, the Assessor produced over 2,000 pages of documents to the Strands via thumb drives that were responsive to Strands' #5A-C request. Among other information, these documents contained parcel numbers, parcel addresses, and an inspection date for many properties.

On November 21, 2017, the Assessor notified the Strands:

> After reviewing our production, I have concluded that we have provided all the responsive records in our possession with the exception of the property record cards—the only official record of inspection—for all parcels in the County, which you asked us not to send. I am closing this request as of today, November 21, 2017.

CP at 142.

3

On September 10, 2018, the Strands initiated an action against the Assessor in

Spokane County Superior Court under the Public Records Act (PRA), chapter 42.56

RCW, for the unlawful denial of public records—specifically group #5.  The Strands

claimed the Assessor did not produce all the records under the group #5 request, and that

the Assessor violated the PRA by not downloading the data from its software system and

providing it to them.

On October 1, 2018, the Assessor moved for summary judgment dismissal of the

Strands' PRA claims on the basis that it had provided all responsive records.

On October 8, 2018, the Strands filed a motion to show cause, which contained

argument in support of their motion, and argument in response to the Assessor's summary

judgment motion.  The show cause motion sought an order requiring the Assessor to

identify the statute that supposedly exempted its ProVal database from being a public

record.  The Assessor responded that it was not claiming an exemption, but instead

explained that "the history of every inspection for every parcel [was] contained in the

data entered into ProVal [*and*] *is a public record.*"  CP at 325 (emphasis added).

On October 22, 2018, the Strands filed a cross motion for summary judgment.  On

October 26, the Strands filed a "Supplemental Memorandum in Support of Motion for

Summary Judgment."  CP at 211-38.

4

SHOW CAUSE HEARING

On October 26, 2018, the trial court heard the Strands' motion to show cause. The Strands argued the merits of their PRA claims. The trial court listened for some time, and then asked about the scope of the show cause motion. The court commented that the parties had filed motions for summary judgment. The Strands responded that the motions were noted for hearing on November 30, but because the Assessor was not asserting an exemption, "it [was] appropriate to deal with [the summary judgment motions] right now, if the court chooses." Report of Proceedings at 8.

The Strands argued they did not want the Assessor to generate property inspection cards. They explained that allowing the Assessor to generate such cards would allow that office to choose what information to include or not include. The Strands argued the Assessor must instead be required to download and give them the complete inspection history, which is in its ProVal database.

The Assessor responded that it would be appropriate for the trial court to resolve all claims at the show cause hearing. The Assessor argued it had provided all documents responsive to the Strands' public records request, and the Strands had rejected its offer to generate property record cards, which would show the change in property value for each parcel from one inspection date to the next.

The trial court agreed with the Assessor and entered an order. The order listed the documents considered, which did not include any summary judgment materials. The order set forth findings and conclusions, denied the Strands' show cause motion, and dismissed the Strands' PRA claims with prejudice.

The Strands requested reconsideration, and the trial court denied their request. The Strands then timely appealed to this court.

ANALYSIS

The Strands assign error to the trial court's October 26, 2018 order denying their motion to show cause and dismissing their PRA claims with prejudice. They also assign error to the trial court's order denying their reconsideration request. Because they offer no argument on the latter, we limit our review to the former. RAP 10.3(a)(6); *Scott's Excavating Vancouver, LLC v. Winlock Props., LLC*, 176 Wn. App. 335, 348, 308 P.3d 791 (2013).

A.    SUMMARY JUDGMENT STANDARDS

On review of a summary judgment order, we engage in the same inquiry as the trial court. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 165 Wn.2d 679, 685, 202 P.3d 924 (2009). All facts and reasonable inferences are considered in a light most favorable to the nonmoving

party. *Berger v. Sonneland*, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001). Summary

judgment is appropriate only when there are no disputed issues of material fact and the

prevailing party is entitled to judgment as a matter of law. CR 56(c). A fact is material

when the outcome of the litigation depends on it, in whole or in part. *Atherton Condo.*

*Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d

250 (1990). Summary judgment is appropriate if reasonable persons could reach but one

conclusion from all the evidence. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140, 331

P.3d 40 (2014).

B.     ARGUMENTS NOT CONSIDERED

The Strands do not argue the trial court erred in converting their show cause

hearing into a summary judgment hearing. Nor do they argue the trial court erred in

failing to consider their summary judgment submissions. Rather, they raise several issues

beyond those argued in their show cause hearing.

> On review of an order granting or denying a motion for summary
> judgment the appellate court will consider only evidence and issues called
> to the attention of the trial court. The order granting or denying the motion
> for summary judgment shall designate the documents and other evidence
> called to the attention of the trial court before the order on summary
> judgment was entered.

RAP 9.12.

An argument neither pleaded nor argued to the trial court in a summary judgment proceeding may not be raised for the first time on appeal. *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 780, 425 P.3d 560 (2018); *Sourakli v. Kyriakos, Inc.*, 144 Wn. App. 501, 509, 182 P.3d 985 (2008). For this reason, we do not review the arguments the Strands raise on appeal that were not pleaded or argued to the trial court.

C. THE PRA DOES NOT REQUIRE PRODUCING RECORDS THAT DO NOT EXIST

The Strands contend the PRA required the Assessor to produce records showing that a parcel's value had not changed between inspection dates.

We review de novo an agency's action in responding to a PRA request. *West v. City of Puyallup*, 2 Wn. App. 2d 586, 591, 410 P.3d 1197 (2018). The PRA presents a mandate for the broad disclosure of public records. *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). RCW 42.56.010(3) defines a "public record" as consisting of three elements: (1) "any writing" (2) "containing information relating to the conduct of government or the performance of any governmental or proprietary function" (3) "prepared, owned, used, or retained by any state or local agency." *See Nissen v. Pierce County*, 183 Wn.2d 863, 879, 357 P.3d 45 (2015).

The Assessor responds that it does not have a specific record that shows if the parcel has not changed value between inspection dates. The Assessor argues it has no

obligation under the PRA to produce records it does not have. We agree with the

Assessor. The PRA does not require agencies to create or produce nonexistent records.

*Fisher Broad.-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522, 326 P.3d 688

(2014).

      D.    THE ASSESSOR PROVIDED THE STRANDS ALL RECORDS RESPONSIVE TO
             THEIR PRA REQUEST

The Strands also contend that the PRA requires the Assessor to produce the

complete inspection history in its ProVal database. In other words, the Strands want the

Assessor to download the ProVal data that the Assessor would review in creating each

property record card.

We do not reach this issue because it is immaterial to our conclusion. The Strands,

in their Group #5 records request, did not ask for records. Instead, they asked the

Assessor to compile information into four columns in a spreadsheet. To the extent the

Assessor's summary judgment motion was based on its assertion that it provided the

Strands all records responsive to their PRA request, we agree. As noted previously, the

PRA requires an agency to produce existent records. It does not require an agency to

create records.

No. 36538-7-III
*Strand v. Spokane County*


Affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.