# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PIL CHIN YUN,<br><br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>ST. FRANCIS HOSPITAL,<br>EMERGENCY ROOM, PROGRESSIVE<br>CARE UNIT,<br><br>　　　　　　　Respondent,<br><br>ERIC NUSSBAUM,<br><br>　　　　　　　Defendant. | No. 81695-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Yun appeals the summary dismissal of his medical negligence and wrongful death claims against his mother's healthcare providers. He failed to provide any expert medical testimony to support his claims. We affirm.

## FACTS

On August 9, 2016, Phil Yun's 93 year old mother entered the emergency department of St. Francis Hospital in a critically ill and unstable condition. On August 12, 2016, she passed away due to septic shock and multiorgan system failure.

In August 2019, Yun filed this wrongful death action claiming that the medical negligence of St. Francis and emergency room physician Dr. Eric

Nussbaum caused his mother's death.[1]  During discovery, St. Francis requested the identification of the expert witnesses Yun intended to have testify at trial.  It also sought the subject matter on which Yun's experts were expected to testify, a summary of the grounds for each such opinion, and the production of all reports, declarations, or other documents those experts generated relating to this case.  Yun did not identify any experts or produce any expert opinions in his discovery responses.

St. Francis moved for summary judgment, arguing that Yun had no experts to support his medical negligence claims and lacked standing as a real party in interest to bring this lawsuit because he was not the personal representative of his mother's estate.  The trial court granted summary judgment and dismissed the case.  Yun moved for reconsideration, which the court denied.

Yun appeals.[2]

DISCUSSION

I.  Standard of Review

We review summary judgment orders de novo.  Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material

---

[1] St. Francis did not employ Nussbaum.  The record does not indicate if Yun ever served Nussbaum with the summons and complaint.  Nevertheless, Nussbaum is not a party to this appeal.

[2] We note that Yun, who appeared pro se before the trial court, maintains this appeal with the assistance of an attorney.  In Washington, courts "hold pro se parties to the same standards to which it holds attorneys."  Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). We consider all facts and reasonable inferences from them in the light most favorable to the nonmoving party. Id. But, we consider only the issues and evidence the parties called to the trial court's attention on the motion for summary judgment. RAP 9.12.

II. Dismissal of Medical Negligence Claim

Chapter 7.70 RCW governs all civil actions based on tort, contract, or otherwise arising from health care. RCW 7.70.010; Berger v. Sonneland, 144 Wn.2d 91, 109, 26 P.3d 257 (2001). The plaintiff in a medical negligence action has the burden of proving that an "injury resulted from the failure of a health care provider to follow the accepted standard of care." RCW 7.70.030(1). To satisfy this burden, RCW 7.70.040 requires the plaintiff to prove the following elements:

> (1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;
> (2) Such failure was a proximate cause of the injury complained of

Moreover, the applicable standard of care as well as proximate cause must be established by expert testimony, except in those cases where medical facts are "observable by laypersons and describable without medical training." Berger, 144 Wn.2d at 110-11. But, a layperson generally cannot observe or describe whether a particular medical practice is reasonably prudent. See Harris v. Robert C. Groth, MD, Inc., 99 Wn.2d 438, 449, 663 P.2d 113 (1983).

Here, Yun concedes that he "did not provide a declaration from an expert" and does not dispute that he failed to produce any expert testimony to establish the applicable standard of care or proximate cause to support his claims against St. Francis. Yun opposed summary judgment on the notion that "expert testimony might not be a requirement in Washington if the medical malpratice [sic] lawsuit hinges on 'Routine' treatment issues that are within the jury's common knowledge." However, he failed to identify any routine treatment that was observable or describable to laypersons without medical training. Consequently, Yun needed to support his claims with expert testimony.

Because Yun did not present any expert testimony, the trial court properly dismissed this action with prejudice against all defendants. There was no error.

We affirm.[3]

_Appelwick, J._

WE CONCUR:

_Coburn, J._      _Andrus, A.C.J._

---

[3] Given our disposition of this matter, we do not address Yun's remaining arguments involving the personal representative of his mother's estate and standing.