[No. 16140-4-III.    Division Three.    December 9, 1997.]

ROSETTA WHITESIDE, ET AL., *Appellants*, v. ROBERT J. LUKSON, M.D., ET AL., *Respondents*.

*Thomas R. Golden* of *Sullivan & Golden*, for appellants.
*Dennis L. Fluegge* and *Donald A. Treat* of *Meyer, Fluegge & Tenney*, for respondents.

BROWN, J. — The sole issue in this case is whether, in securing an informed consent, a physician has a duty to disclose to the patient information about the physician's experience in providing a proposed treatment. We decide under Washington law a physician does not have this duty and affirm the trial court's grant of judgment notwithstanding the verdict on this issue.

## FACTS

In November 1990, Dr. Lukson participated in a two-day class on how to perform a laparoscopic cholecystectomy. The class included hands-on participation in performing the procedure on three pigs.

On November 20, 1990, Dr. Lukson saw Rosetta Whiteside and determined she needed to have her gallbladder removed. On December 17 he met with Mrs. Whiteside and obtained her consent to have him perform the laparoscopic cholecystectomy procedure on her. At the time he obtained her consent, Dr. Lukson had never performed the procedure on a person, nor did he inform her of this fact.

Mrs. Whiteside's surgery was delayed, and by the time he performed her surgery, Dr. Lukson had performed this

procedure on two other patients. Unfortunately, during the surgery on Mrs. Whiteside, Dr. Lukson misidentified and consequently damaged her bile duct. As a result of this mistake, she suffered a number of complications.

The jury found Dr. Lukson was not negligent but also found his failure to inform Mrs. Whiteside of his inexperience in performing the procedure resulted in failure to obtain her informed consent. The trial court determined a health care provider's experience is not a material fact of which the patient must be informed and granted Dr. Lukson's motion for judgment notwithstanding the verdict. Mrs. Whiteside appeals that ruling.

## ANALYSIS

A physician is liable for injuries resulting from health care to which the patient did not consent. RCW 7.70.030(3). In securing the patient's informed consent, a physician must advise the patient of material facts relating to the proposed treatment. RCW 7.70.050(1)(a). *Smith v. Shannon*, 100 Wn.2d 26, 666 P.2d 351 (1983). The standard for determining whether a fact is material is the objective "reasonable patient" standard: the physician must disclose those facts a reasonable person would consider in deciding whether to consent to the proposed treatment. *Id.* at 33. Those facts include the foreseeable risks of the proposed treatment and availability and risks of alternative treatment or no treatment at all. *Holt v. Nelson*, 11 Wn. App. 230, 523 P.2d 211, *review denied*, 84 Wn.2d 1008 (1974).

The traditional view is that material facts are those which relate to the proposed treatment. *See* William J. McNichols, *Informed Consent Liability in a "Material Information" Jurisdiction: What Does the Future Portend*, 48 OKLA. L. REV. 711 (1996). Some jurisdictions, however, have held that collateral facts relating to the physician's competence may be material. 48 OKLA. L. REV. 711; *see* Judith F. Daar, *Informed Consent: Defining Limits Through Therapeutic Parameters*, 16 WHITTIER L. REV. 187, 191-92 (1995).

The broader construction of the term "material fact" has included the physician's conflicts of interest, *Moore v. Regents of Univ. of Cal.*, 51 Cal. 3d 120, 793 P.2d 479, 271 Cal. Rptr. 146 (1990); *Hidding v. Williams*, 578 So. 2d 1192 (La. Ct. App. 1991); HIV status, *Faya v. Almaraz*, 329 Md. 435, 620 A.2d 327 (1993); physical impairment, and lack of experience, *Johnson v. Kokemoor*, 199 Wis. 2d 615, 545 N.W.2d 495 (1996). Under this expansive approach, facts such as the physician's statistical success rate, or history of malpractice claims, could also be considered material. 48 OKLA. L. REV. at 751; Aaron D. Twerski & Neil B. Cohen, *Comparing Medical Providers: A First Look at the New Era of Medical Statistics*, 58 BROOK. L. REV. 5 (1992). In theory, the physician's own health, financial situation, even medical school grades, could be considered material facts a patient would want to consider in consenting to treatment by that physician. 58 BROOK. L. REV. at 28-29.

Washington courts have not yet adopted the more expansive construction of the physician's duty to disclose. Construing RCW 7.70.050(1), *Thomas v. Wilfac, Inc.*, 65 Wn. App. 255, 828 P.2d 597, *review denied*, 119 Wn.2d 1020 (1992) limited the statutory duty to disclosure of treatment-related facts, expressly excluding the physician's qualifications. Following this traditional approach, we conclude that a surgeon's lack of experience in performing a particular surgical procedure is not a material fact for purposes of finding liability predicated on failure to secure an informed consent.

Affirmed.

KURTZ and KATO, JJ., concur.

Review denied at 135 Wn.2d 1007 (1998).