# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DAVID MAYTASH; SHARON ASP-
MAYTASH; DAVID MAYTASH and
SHARON MAYTASH, a marital
community; and MAXWELL ASP-
MAYTASH, a minor, by DAVID MAYTASH
and SHARON ASP-MAYTASH, his
guardians ,

        Appellants,

        v.

DANIEL J. GARNETT, M.D.; and DANIEL
J. GARNETT and STEPHANIE GARNETT
and the marital community composed
thereof; THE POLYCLINIC, a Washington
professional corporation; and SWEDISH
MEDICAL CENTER, a Washington
corporation,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 75434-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: October 30, 2017

APPELWICK, J. — David Maytash filed medical negligence and corporate negligence claims for serious complications arising out of gall bladder surgery. The trial court granted summary judgment, dismissing those claims based upon failure to establish a violation of the standard of care as required by statute. We affirm.

## FACTS

David Maytash underwent laparoscopic cholecystectomy surgery to remove his gallbladder on December 12, 2012. The surgeon was Dr. Daniel Garnett, employed by The Polyclinic. During the procedure, Dr. Garnett punctured

Maytash's small intestine. Unaware of that, Dr. Garnett did not address the puncture before completing the surgery. Two nights later, Maytash went to the emergency room at Swedish Medical Center Ballard. Swedish noted Maytash was experiencing nausea, vomiting, and an accelerated heart rate. Maytash's white blood cell count was elevated. A computerized tomography scan showed that Maytash's stomach was markedly dilated and fluid-filled. Maytash was transferred to Swedish First Hill, where he spent six days, during which time no one diagnosed the cause of the symptoms.

Nine days after the first surgery, Dr. Garnett did exploratory laparoscopic surgery to find the source of Maytash's symptoms. Unknowingly, Dr. Garnett again punctured Maytash's small intestine. Dr. Garnett converted the surgery to an open procedure and discovered and repaired both intestinal punctures.

On December 1, 2015, Maytash filed a medical negligence suit against Dr. Garnett, Polyclinic, and Swedish. In his complaint, Maytash alleged that Dr. Garnett and Polyclinic failed to meet the required standard of care, did not obtain informed consent, and breached fiduciary duty to Maytash. Maytash claimed that Swedish also failed to meet the required standard of care under a theory of corporate negligence.

On February 19, 2016, Swedish filed a motion for summary judgment, arguing that Maytash failed to provide expert testimony to support his claims. Garnett and Polyclinic also moved for summary judgment on the same day, citing Maytash's lack of expert testimony to support the negligence and informed consent claims. In response, Maytash filed a CR 56(f) motion for continuance of the

hearing on both summary judgment motions. The trial court granted the continuance of the summary judgment hearing, setting the hearing for April 22, 2016.

On April 12, 2016, Maytash filed the declaration of Dr. Glenn Deyo, a surgeon licensed in Washington. Garnett and Polyclinic asserted that Deyo's declaration was insufficient evidence to defeat the summary judgment motion. In response, the day before the summary judgment hearing, Maytash filed the declaration of Dr. Candi McCulloch. Dr. McCulloch practices internal medicine and is licensed in Connecticut. Her declaration does not state that she has ever assisted with a cholecystectomy or similar surgery.

At the hearing, the trial court granted summary judgment for Swedish. The court concluded Maytash had failed to put forth competent evidence regarding Swedish to establish corporate negligence, independent claims of medical negligence, failure to obtain informed consent, res ipsa loquitur, and vicarious liability. The court reserved ruling on the summary judgment motion of Garnett and Polyclinic.

A week later, the trial court denied Maytash's second CR 56(f) motion to continue, granted Garnett and Polyclinic's motion to strike the McCulloch declaration concluding that its opinions lacked foundation and granted summary judgment for Garnett and Polyclinic. The trial court subsequently denied both of Maytash's motions for reconsideration of summary judgment for all defendants.

Maytash appeals.

DISCUSSION

Maytash makes four arguments. First, he argues that the trial court erred in striking the declaration of Dr. McCulloch. Second, he argues the trial court erred in granting summary judgment for Garnett and Polyclinic. Third, he argues the trial court erred in granting summary judgment for Swedish. Finally, he assigns error to the trial court's denial of his motions for reconsideration.

The court reviews summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Id. A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Id.

I. Striking of Declarations on Standard of Care

Maytash first argues that an expert's declaration, stating the standard of care was breached and a statement of proximate cause, is adequate to defeat a motion for summary judgment.

In a medical negligence case, the plaintiff must prove that a health care provider violated the accepted standard of care in the profession or class to which he or she belongs, in the state of Washington, and proximately caused the plaintiff's injuries. RCW 7.70.040; Keck, 184 Wn.2d at 370. Medical facts must be proven by expert testimony unless they are observable by laypersons and describable without medical training. Berger v. Sonneland, 144 Wn.2d 91, 111, 26

4

P.3d 257 (2001). Thus, expert testimony is generally necessary to establish the standard of care and proximate cause required in medical malpractice cases. Harris v. Groth, 99 Wn.2d 438, 449, 663 P.2d 113 (1983); Berger, 144 Wn.2d at 110-11.

Usually, this court reviews a trial court's decision on an expert's qualifications for abuse of discretion. See McKee v. Am. Home Prods., Corp., 113 Wn.2d 701, 706, 782 P.2d 1045 (1989). But, when those qualifications are part and parcel of a summary judgment proceeding, review is instead de novo. Elber v. Larson, 142 Wn. App. 243, 247, 173 P.3d 990 (2007).

Only experts who practice in the same field or have expertise in the relevant specialty may establish the standard of care. McKee, 113 Wn.2d at 706; White v. Kent Med. Ctr., Inc., 61 Wn. App. 163, 173, 810 P.2d 4 (1991). As long as a physician has sufficient expertise to demonstrate familiarity with the procedure or medical problem at issue, ordinarily the physician will be considered qualified to express an opinion, including on medical questions in which the physician is not a specialist. Id.

Maytash argues the trial court erred in striking the declaration of Dr. McCulloch, the expert testimony offered to oppose the summary judgment motions. First, Maytash claims that the trial court erred in striking the McCulloch declaration by failing to apply the factors from Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997). The court must consider the Burnet factors before excluding untimely disclosed testimony. Keck, 184 Wn.2d at 368. But here,

5

the trial court excluded the Dr. McCulloch declaration for lack of foundation, not untimeliness, so this argument has no merit.

Next, Maytash argues that even though Dr. McCulloch is licensed and practices in Connecticut, she is qualified to testify on the standard of care in Washington. Dr. McCulloch is not disqualified as an expert merely by being licensed in and practicing in Connecticut, but neither does that automatically qualify her to testify. See Elber, 142 Wn. App. at 247, 249 (discussing qualification of medical experts).

Maytash argues that a medical expert is qualified to testify on the Washington standard of care if the expert offers testimony that he or she is familiar with the standard of care and that it is a national standard. We agree.

In her declaration, Dr. McCulloch states that she knows Washington follows the national standard of care as it relates to the treatment, care, and procedures in this case, because she "can interact with physicians and surgeons from around the country, have discussions and review medical literature and material that confirm that the standard of care in Washington State is the same as a national standard of care." In Elber, the court held that a neurosurgeon licensed in another state was qualified to offer expert testimony about the standard of care for neurosurgeons in Washington. Id. The neurosurgeon established that he was familiar with the standard of care for neurosurgeons in Washington because the standard of care was a national standard, of which he was familiar. Id at 247. Dr. McCulloch may be qualified to testify that there is a national standard of care for this procedure, but that is not itself sufficient.

6

Dr. McCulloch is board certified in internal medicine. She completed a one year surgical internship after she received her medical degree. She states that she is familiar with the standard of care applicable to performing cholecystectomies, and that she understands pre- and post- operative treatment of surgical patients with complex medical diagnoses.

Maytash relies on Pon Kwock Eng v. Klein, 127 Wn. App. 171, 172, 110 P.3d 844 (2005) in arguing that Dr. McCulloch is qualified, because of her knowledge, even though she does not share Dr. Garnett's surgical specialty. In Eng, this court held that an infectious disease doctor was qualified to testify about a neurosurgeon's failure in diagnosing meningitis. 127 Wn. App. at 178. This court noted that the expert's knowledge of the medical problem at issue was uncontested and also that the defendant's method and failure to properly diagnose was not particularized to his neurological specialty. Id.

Eng differs from the case at hand. The expert in Eng had uncontested knowledge of the medical problem at issue, diagnosing meningitis. Id. Here, Dr. McCulloch states in her declaration, "I am familiar with the standard of care applicable to performing cholecystectomies, open or laparoscopic, which is a national standard of care applicable also to the treatment of patients in Washington State." She does not claim to have actual experience or expertise treating gallbladder diseases or performing cholecystectomies. And, in Eng, the defendant's failure to meet the standard of care was not particularized to his neurological specialty. Id. Whereas here, Maytash uses Dr. McCulloch's declaration to argue Dr. Garnett failed to meet the standard of care specific to his

surgical specialty and his technique in performing the cholecystectomy. Dr. McCulloch's declaration does not establish a requisite expertise or familiarity with a cholecystectomy that, despite her difference in specialty, would make her a qualified expert to testify on the standard of care for that procedure.

We affirm the trial court's striking of the Dr. McCulloch declaration.

## II. Informed Consent

Maytash argues that the consent form and consent procedure Dr. Garnett and Swedish used were inadequate. To prevail under an informed consent action the plaintiff must prove (1) the health care provider failed to inform the patient of a material risk or fact of the proposed course of treatment, (2) the patient consented to the proposed treatment without being aware of or fully informed of the material risks or facts, (3) a reasonable, prudent patient under similar circumstances would not have consented to the treatment if informed of such material risks or facts, and (4) the treatment proximately caused the plaintiff's injury. RCW 7.70.050; Coggle v. Snow, 56 Wn. App. 499, 511-12, 784 P.2d 554 (1990).

Maytash relies on Dr. McCulloch and Dr. Deyo's opinions that Dr. Garnett lacked informed consent. Had the McCulloch declaration not been stricken, her opinion on informed consent nonetheless fails. Dr. McCulloch states that because Dr. Garnett had previous claims made against him for puncturing a patient's bowel during a cholecystectomy, he should have informed the patient of the risk. But, Washington's informed consent rule does not require doctors to disclose their personal success rates, history of malpractice claims, and limits the statutory duty

to disclosure of treatment-related facts. <u>Whiteside v. Lukson</u>, 89 Wn. App. 109, 112, 947 P.2d 1263 (1997).

In Dr. Deyo's opinion, the consent form Maytash signed was inadequate because the form[1] and other material, the "Krames booklet,"[2] given to Maytash did not mention the risk of bowel perforation. In his declaration Deyo states:

> I do not feel that the Consent for Surgery or Other Invasive Procedural Treatment signed by David Maytash on November 9, 2012, after his initial appointment with Dr. Garnett is an adequate consent for surgery. Although Dr. Garnett signed the document on November 12, 2012 indicating that he explained the contents of the consent form to the patient, his deposition testimony was that he did not go over this form with the patient. The consent form does not discuss the risk of bowel perforation nor does the Krames booklet. The patient also has no recollection about any discussion of the risk of bowel perforation.

The Krames booklet Dr. Garnett provided Maytash before he obtained consent states:

> Gallbladder surgery is safe. But it does have certain risks. These include:
> • Bleeding
> • Infection
> • Injury to the common bile duct or nearby organs
> • Blood clots in the legs
> • Prolonged diarrhea
> • Bile leaks

Injury to nearby organs is identified as a risk of surgery. The bowel is a nearby organ. Dr. Deyo does not identify <u>how</u> the warning of injury to a nearby organ fails to meet the standard for informed consent in Washington relative to the bowel.

---

[1] Dr. Deyo's opinion on the consent form is immaterial, because failing to use a form is not admissible as evidence of failure to obtain informed consent. RCW 7.70.060(5).

[2] STAYWELL COMPANY, UNDERSTANDING LAPAROSCOPIC GALLBLADDER SURGERY (2006) (Krames booklet).

Neither Deyo nor McCulloch make any claims about Polyclinic or Swedish's consent procedures.

## III. Summary Judgment for Garnett and Polyclinic

Summary judgment is proper when a medical malpractice plaintiff does not present expert testimony that raises genuine issues of material fact about whether the defendants' complied with the standard of care and proximately caused the plaintiff's injuries. Elber, 142 Wn. App. at 246-47. Here, the trial court properly concluded that the McCulloch declaration lacked foundation. Maytash's other expert testimony, Dr. Deyo's declaration, was insufficient to defeat Garnett and Polyclinic's motion for summary judgment. Dr. Deyo gives extensive details about cholecystectomies and explains how the complication in Maytash's surgery occurred.[3] However, he does not state that Garnett's technique fell below the standard of care. He also does not identify how Polyclinic violated the standard of care in treating Maytash.[4] We affirm summary judgment dismissal for Garnett and Polyclinic.

---

[3] Maytash did not rely on Dr. Deyo's declaration standing alone to defeat summary judgment and he does not rely on it in this appeal. In their brief, Garnett and Polyclinic assert that Maytash acknowledged the inadequacy of Dr. Deyo's declaration alone to defeat summary judgment. At the summary judgment hearing Maytash's counsel stated, "When I got—when Dr. Deyo's declaration was completed and I looked it over and thought about it, I then said we need to find— we need to get something more."

[4] In his declaration, Dr. Deyo states, "The delay between the results showing a likely abscess and the second surgery is troubling. . . . If it was my patient, I would want to schedule the earliest possible surgery." Testimony of experts that they would have followed a different course of treatment than that of the defendant is insufficient to establish a standard of care against which a jury must measure a defendant's performance. Adams v. Richland Clinic, Inc., 37 Wn. App. 650, 655, 681 P.2d 1305 (1984).

IV. Summary Judgment for Swedish

Maytash asserts that the trial court also erred in granting summary judgment for Swedish. He claims Swedish breached the standard of care when it failed to timely diagnose Maytash's symptoms of infection after his first surgery. Citing Pedroza v. Bryant, 101 Wn.2d 226, 231, 677 P.2d 166 (1984) and Osborn v. Public Hospital District 1, 80 Wn.2d 201, 205, 492 P.2d 1025 (1972), he argues that a hospital owes a duty of care to its patients directly, independent of the patient's physician. Hospitals are held to the standard of care of an average, competent health facility acting in the same circumstances. Ripley v. Lanzer, 152 Wn. App. 296, 324, 215 P.3d 1020 (2009). Expert testimony is generally required when an essential element in the case is best established by opinion that is beyond the expertise of a lay person. Id. Maytash failed to provide expert testimony to establish the applicable standard of care for Swedish, or how Swedish breached that standard.

In his opposition to summary judgment, Maytash raised a corporate negligence claim. He argued that if Garnett committed medical malpractice, there is a genuine issue of material fact of whether Swedish is liable under a corporate negligence theory for damages. Maytash did not offer any support for how Swedish breached its corporate duty. We affirm the trial court's summary judgment dismissal of Swedish.

V. Motions for Reconsideration

Maytash argues the trial court erred in denying his motions for reconsideration of both orders of summary judgment. Maytash sought reversal of

11

the order striking the McCulloch declaration and denying the motion for continuance to obtain additional affidavits. Maytash provided a supplemental declaration from Dr. McCulloch. But, the supplemental declaration did not cure the foundational defect necessary for the court to have found her a qualified expert.

Maytash also argued that the trial court should not have denied his motion for a continuance[5] to obtain additional affidavits. He stated that he found a surgeon, Dr. Brett Sheppard, from whom he would obtain a declaration. Maytash also stated that he had been attempting to engage Dr. Sheppard for a considerable time as a reason the court should grant reconsideration. Maytash does not sufficiently explain why he could not have obtained Dr. Sheppard's declaration prior to summary judgment. As a result the declaration sought would not have qualified under CR 59(a)(4) as newly discovered evidence, which the party could not with reasonable diligence have discovered previously, upon which the court could grant reconsideration.

Reconsideration was properly denied.

We affirm.

WE CONCUR:

---

[5] Maytash failed to preserve the issue of a CR 56(f) continuance in his opening brief. He raised it as an issue, but failed to make any argument for why the trial court abused its discretion in denying his motion.