IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL F. CRONIN, | ) | No. 36291-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CENTRAL VALLEY SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — RCW 28A.405.210 creates a conclusive presumption that a teacher is reemployed for the ensuing school year if the school district gives the teacher notice of nonrenewal but fails to provide the teacher an opportunity for a timely statutory hearing. Central Valley School District failed to provide Michael Cronin an opportunity for a timely statutory hearing by rejecting his representative's request for a hearing, which resulted in the hearing being delayed for almost seven years.

We affirm the trial court's summary judgment rulings (1) restoring Cronin to pay status pending a statutory hearing and awarding back pay and benefits, (2) denying

Cronin's request for an additional award to offset the tax consequences of a lump sum

award of wages, and (3) determining Cronin's reasonable attorney fees. We reverse the

trial court on only one issue: The trial court erred when it dismissed Cronin's claim for

exemplary damages under RCW 49.52.070. We remand that claim for trial.

FACTS

In this third appeal, Central Valley School District challenges the trial court's

summary judgment determination restoring Michael Cronin to pay status pending a

statutory hearing and awarding back pay and benefits. Cronin cross-appeals the trial

court's summary judgment determinations of damages and reasonable attorney fees. The

issues raised by the parties require a fairly extensive review of this saga that has now

spanned three appeals and almost one decade.

In August 2010, police arrested Cronin for physical control of a vehicle while

under the influence of alcohol. The charge went unresolved for a while and Cronin

taught the 2010-2011 school year without incident.

Cronin was arrested twice during the summer before the 2011-2012 school year.

The arrests involved conduct outside of his employment. Because of his legal troubles,

the District placed Cronin on paid administrative leave. This leave requires an employee

to be available, at the District's request, either to work or to meet during business hours.

In September 2011, Cronin decided he needed alcohol treatment and notified the District in writing of his decision to seek inpatient treatment at a facility in Selah, Washington. The District later confirmed that Cronin, who would be unavailable for work while receiving inpatient treatment, was entitled to use sick leave.

On September 28, 2011, Cronin pleaded guilty to the August 2010 charge of physical control of a vehicle while under the influence of alcohol. The court sentenced Cronin to 120 days' confinement with work release privileges and agreed to give him credit for time in alcohol treatment. Cronin received treatment at the Selah facility from September 30, 2011 until October 27, 2011. He then reported to Geiger Corrections Center in Spokane to serve the remainder of his sentence.

On November 7, 2011, the District's deputy superintendent sent a letter to Cronin. The letter expressed the District's concern that it had been unable to contact him and notified him that he had been classified as absent without leave. The letter emphasized that Cronin was required to personally respond to the letter by the next day, and, if he was unavailable for work, he had to make a written request to the District for paid leave.

On November 22, 2011, the deputy superintendent, Cronin, and Cronin's union representative, Sally McNair, met at the school district office. The deputy superintendent asked Cronin about various incidents of misconduct. Some incidents were old, some

3

were related to his work with the District, and others were not. The District gave Cronin an opportunity to respond. In addition, the deputy superintendent asked Cronin to provide written confirmation from the Selah treatment center that he successfully completed treatment. Soon after the meeting, Cronin provided the District with that written confirmation.

The parties dispute whether Cronin was available for work while at Geiger. An e-mail sent by Cronin after the November meeting confirmed his availability for work. The deputy superintendent, however, asserted that Cronin advised him in the November meeting and two later meetings that he had been unable to set up work release and was unavailable for work.

On December 8, 2011, the deputy superintendent met with Cronin and McNair at Geiger. At the meeting, the District relayed its intent to terminate Cronin's employment unless he resigned within one week. Cronin refused. On December 15, a similar meeting occurred.

On December 29, 2011, the District sent a letter to Cronin, informing him that he continued to be absent without approved leave. The District stated that Cronin could use sick leave for the time he spent in alcohol treatment and emergency/personal leave for the time he spent at Geiger. The District explained that Cronin's available leave was used up

4

effective November 10, 2011, his current status was unapproved leave, and he would be ineligible for paid leave until he sought and received the District's approval. Cronin did not seek or receive approval for paid leave.

On January 6, 2012, Cronin received a letter entitled, "Notice of Probable Cause for Discharge and Nonrenewal Pursuant to RCW 28A.405.210 and RCW 28A.405.300." Clerk's Papers (CP) at 371. The letter, signed by the district superintendent, described several allegations of misconduct, including unprofessional conduct, a pattern of alcohol related incidents involving students and others, and unavailability for work. The letter asserted that the District had discussed these allegations with Cronin and afforded him an opportunity to respond. In the letter, the superintendent advised Cronin that his review of the evidence convinced him that probable cause existed for Cronin's nonrenewal and discharge from the District. The letter concluded:

> Pursuant to RCW 28A.405.210, 28A.405.300 and RCW 28A.405.310 (enclosed), you are entitled to due process rights and a hearing to review my determination of probable cause. According to the above-referenced laws, you must file a timely notice of appeal. If you do not appeal, my decision will become final, binding and non-appealable. A copy of the appeal provision of the law is enclosed.

CP at 372. The appeal provision provides 10 days to appeal the notice.

Due to Cronin's incarceration, he could not contact McNair or respond to the District directly.[1] He, therefore, spoke to a friend, Teresa Anderson, and directed her to notify McNair to appeal the notice. Anderson relayed Cronin's message to McNair.

On January 11, 2012, McNair delivered a letter to the District, which read:

> I have received the Notice of Probable Cause for Termination of Mike Cronin's employment dated January 5th, 2012. Pursuant to RCW 28A.405.300 and .310, I am requesting a closed hearing on Mr. Cronin's behalf to determine whether there is sufficient cause for such adverse action. Until counsel has been appointed, I will serve as Mr. Cronin's nominee for a hearing officer.
>
> Due to the lack of access to Mr. Cronin, I will also be filing a grievance in order to preserve timelines to both procedures. It is clear the contract requires an election of remedies and it is not our intent to pursue both options, only to allow time to consult with Mr. Cronin so he can determine his desired path. We anticipate notifying the District on or before February 10th, 2012 as to Mr. Cronin's decision to pursue either the statutory hearing or the grievance. At that time, either this request or the grievance will be withdrawn.

CP at 48.

The District did not respond.

On January 16, 2012, Cronin, who received good behavior credits, was released from Geiger. After that date, Cronin was available to work. Two weeks later, Cronin did

---

[1] This seems to corroborate the District's position that Cronin never set up work release. If Cronin had work release, he could have responded to the letter directly.

not receive his wages and benefits, even though the District customarily paid him on the

last day of each month.

On February 8, 2012, McNair sent an e-mail to the District:

As a follow-up to my letter from January 11th, 2012, this email is to provide you written notice that Mr. Cronin has decided to pursue the statutory hearing as described in RCW 28A.405.300 as his election of remedy for the notice of probable cause for discharge. He will not be utilizing the grievance procedure.

CP at 49.

The District still did not respond.

On February 21, 2012, Cronin's attorney advised the District's attorney that he

represented Cronin and asked why the District had stopped Cronin's pay and benefits.

The following day, the District sent a letter to McNair:

Thank you for your correspondence dated January 11, 2012. Any appeal of a Notice of Probable Cause under RCW 28A.405.300 and RCW 28A.405.210 must be undertaken by the employee who receives the Notice. Since you are not the employee who received the Notice, your correspondence does not constitute a valid appeal. Further, your correspondence does not mention and thus does not constitute an appeal of the Notice of Probable Cause for Mr. Cronin's Nonrenewal.

The employee here, Mr. Cronin, did not timely appeal the Notice of Probable Cause for Discharge or Nonrenewal and thus he has waived his right to a statutory hearing under RCW 28A.405.210 and 28A.405.300. As such, his employment with the District has been terminated.

CP at 50.

7

On March 23, 2012, Cronin filed a declaratory action against the District. Cronin

sought to compel the District to participate in a statutory hearing to address his discharge

from employment and the nonrenewal of his teaching contract. Cronin also sought back

pay with interest and double damages for willful and intentional withholding of wages.

The District denied that McNair had authority to appeal its notice and asserted that

Cronin's suit was untimely.

In May 2012, the District paid Cronin wages and benefits from January 2012[2]

through April 2012. The parties then participated in a mediation, but the mediation was

unsuccessful.

Each side then moved for summary judgment. The trial court granted the District's

motion and dismissed Cronin's lawsuit. The trial court reasoned it lacked subject matter

jurisdiction because the lawsuit was not timely.

On March 13, 2014, in our first unpublished opinion in this case, we reversed the

trial court and remanded for further proceedings. *Cronin v. Cent. Valley Sch. Dist.*,

No. 31360-3-III (Wash. Ct. App. Mar. 13, 2014) (unpublished),

http://www.courts.wa.gov/opinions/pdf/313603.unp.pdf (*Cronin* I). We did not reach the

---

[2] The record is unclear whether the District paid Cronin from January 1, 2012, or from January 16, 2012, the date he became available for work.

8

issues of whether McNair had authority to appeal the District's January 5, 2012 notice, or whether her letter was sufficient to appeal the District's nonrenewal determination.

After we remanded the case, both parties again filed motions for summary judgment. Cronin argued, among other things, that McNair was his authorized representative for the purpose of requesting a statutory hearing. The District asserted, among other things, that (1) McNair lacked the authority to request a hearing on Cronin's behalf, (2) McNair's failure to elect a remedy in her letter prevented the appeal from being timely perfected, and (3) McNair only requested a hearing on discharge not nonrenewal.

The trial court agreed with Cronin that McNair had authority to appeal the District's notice of discharge and nonrenewal. However, it granted the District's motion for summary judgment on the basis that McNair's failure to elect a remedy within 10 days caused Cronin's appeal to be untimely.

Cronin appealed once more. The District cross-appealed the trial court's determination that McNair had authority to appeal its notice. The District did not raise the issue of whether McNair's January 11, 2012 letter was sufficient to appeal its nonrenewal determination.

On April 14, 2016, in our second unpublished decision, we determined that McNair had authority to appeal the District's notice. We also determined that she was not required to elect a remedy within 10 days of the District's notice. The parties did not argue, and we did not discuss, whether McNair's January 11, 2012 letter sufficiently appealed the District's nonrenewal determination. Nevertheless, we wrote in our concluding sentence: "We . . . remand to the trial court for entry of an order compelling the school district to participate in the statutory hearing process to determine the merits of Cronin's discharge from employment *and* nonrenewal of his contract." *See Cronin v. Cent. Valley Sch. Dist.*, No. 33062-1-III, slip op. at 32 (Wash. Ct. App. Apr. 14, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/330621.unp.pdf (*Cronin* II) (emphasis added).

The District sought review of our decision, and the Washington Supreme Court denied review on November 2, 2016.

On June 26, 2017, both parties again filed motions for summary judgment. Cronin argued he was entitled to: (1) reinstatement and back pay, (2) double damages for the District's willful and intentional withholding of wages, (3) reasonable attorney fees and costs, (4) an additional award because of the tax consequences of a lump sum wage award, and (5) the appointment of a statutory hearing officer. The District argued:

10

(1) it had authority to nonrenew Cronin's contract based on his misconduct, (2) Cronin's contract was not renewed because he did not request a statutory hearing for nonrenewal, (3) its obligation to pay wages and benefits to Cronin ended with his 2011-2012 school year contract, and, (4) it did not willfully and intentionally withhold Cronin's wages. Cronin responded that the law of the case doctrine prohibited the District from relitigating whether McNair's letter had requested a statutory hearing for nonrenewal. Cronin noted that our most recent unpublished decision ordered a statutory hearing on his discharge *and* nonrenewal.

On July 31, 2017, the District paid Cronin his remaining 2011-2012 school year wages and benefits, those for May 2012 through August 2012.

On April 27, 2018,[3] the parties argued their motions, and the trial court announced its ruling. The court ordered the District to restore Cronin to pay status pending a statutory hearing and to pay him back wages and benefits. Its order was based on a portion of RCW 28A.405.210 not argued by Cronin. In addition, the court granted Cronin's request for reasonable attorney fees and interest, but denied his request for double damages and an additional award to compensate him for the increased tax consequences of a large lump sum payment.

---

[3] The long delay between the filing of the motions and the hearing was partly

11

No. 36291-4-III
*Cronin v. Cent. Valley Sch. Dist.*

The District filed a request for reconsideration, which the court denied with a written ruling. The court later entered judgment on the monetary award.

The District timely appealed, and Cronin timely cross-appealed.

ANALYSIS

SUMMARY JUDGMENT

Both parties appeal the trial court's summary judgment rulings. We begin our analysis by summarizing well-known standards for our review of such rulings.

On review of a summary judgment order, we engage in the same inquiry as the trial court. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 165 Wn.2d 679, 685, 202 P.3d 924 (2009). All facts and reasonable inferences are considered in a light most favorable to the nonmoving party. *Berger v. Sonneland*, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001). Summary judgment is appropriate only when there are no disputed issues of material fact and the prevailing party is entitled to judgment as a matter of law. CR 56(c). A fact is material when the outcome of the litigation depends on it, in whole or in part. *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). Summary judgment is appropriate if reasonable persons could reach but one

_____

attributable to judges disqualifying themselves or being disqualified by motion.

12

No. 36291-4-III
*Cronin v. Cent. Valley Sch. Dist.*

conclusion from all the evidence. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140, 331

P.3d 40 (2014).

    A.    THE DISTRICT'S APPEAL

The District argues the trial court erred by requiring it to pay Cronin beyond the

2011-2012 school year. Both parties agree that Cronin would not be entitled to payment

beyond that school year unless McNair's January 11, 2012 letter was sufficient to appeal

its nonrenewal determination. As previously noted, our second unpublished opinion

directed the District to participate in a statutory hearing to determine the merits of

Cronin's discharge *and* nonrenewal. We first decide whether the District may argue that

McNair's letter was insufficient to appeal its nonrenewal determination or if this

argument is barred by the law of the case doctrine.

    *1.    Law of the case doctrine*

Cronin argues this court has already determined that McNair's letter sufficiently

appealed the District's nonrenewal determination, and the law of the case doctrine should

prevent us from revisiting that issue. We disagree.

The law of the case doctrine is rooted in common law and RAP 2.5(c). *Roberson*

*v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). Generally, "the law of the case

doctrine stands for the proposition that once there is an appellate holding enunciating a

principle of law, that holding will be followed in subsequent stages of the same litigation." *Id.* "Therefore, 'questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence.'" *Worden v. Smith*, 178 Wn. App. 309, 323-24, 314 P.3d 1125 (2013) (internal quotation marks omitted) (quoting *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988)). The law of the case doctrine is a discretionary doctrine. *Folsom*, 111 Wn.2d at 263-64.

Cronin cites the concluding sentence in our previous opinion: "We . . . remand to the trial court for entry of an order compelling the school district to participate in the statutory hearing process to determine the merits of Cronin's discharge from employment *and* nonrenewal of his contract." *See Cronin* II, No. 33062-1-III, slip op. at 32 (emphasis added). Cronin does not contend the nonrenewal issue was raised in the second appeal. It was not raised. We, therefore, did not discuss or decide the issue in that opinion. For this reason, the issue was not previously determined.

Cronin also argues the District could have raised this issue in the prior appeal, but did not, and its failure precludes it from raising it here. We disagree.

The trial court granted summary judgment in favor of the District, determining that Cronin failed to timely elect a remedy. The District won. Cronin appealed that

14

determination, and it was sensible for the District to defend its winning argument rather than assert a different ground for affirming. In any event, the law of the case doctrine is a discretionary doctrine, and we use our discretion to address this potentially dispositive issue.

### 2. *The scope of McNair's letter appeal*

The District argues that McNair's January 11, 2012 letter failed to appeal its nonrenewal determination. Before we address the District's argument, we provide an overview of the applicable statutory scheme.

*Overview of applicable statutory scheme*

The statutory scheme divides teachers into three classes—regular employees, provisional employees, and replacement employees. *See* RCW 28A.405.210; RCW 28A.405.220; RCW 28A.405.900. Regular employees, such as Cronin, are covered by RCW 28A.405.210. Such employees are entitled to an employment contract of not more than one year, which, with two exceptions, automatically renews for the ensuing school year.

The first exception is if the district provides a timely notice of nonrenewal. The second exception is if the district provides a notice of discharge. The procedures for nonrenewal are governed by RCW 28A.405.210. The procedures for discharge are

15

governed by RCW 28A.405.300. Because the question before us is whether McNair's letter sufficiently appealed the District's nonrenewal determination, we focus on the nonrenewal process.

A district may nonrenew a regular employee by following the procedures of RCW 28A.405.210. The procedures require a district to provide the employee notice on or before May 15, or if the legislature does not pass its omnibus budget during its regular session, no later than June 15. *Id.* The notification must specify the cause or causes for nonrenewal, and that the superintendent has determined that probable cause supports nonrenewal. *Id.* Then:

> Every such employee so notified, *at his or her request made in writing . . .* within ten days after receiving such notice, shall be granted opportunity for hearing pursuant to RCW 28A.405.310 to determine whether there is sufficient cause or causes for nonrenewal of contract . . . .

*Id.* (emphasis added).

*Application of statute*

We note that RCW 28A.405.210 requires a written request for a hearing, but does not require that the request contain any specific language. *Accord Greene v. Pateros Sch. Dist.*, 59 Wn. App. 522, 530-31, 799 P.2d 276 (1990) (nonrenewal statute requires a written request for a hearing). We conclude that an employee need not explicitly refer to

16

RCW 28A.405.210 or use the word "nonrenewal" when requesting a hearing to challenge a determination of probable cause for nonrenewal.

The District notes that McNair's January 11, 2012 letter and February 8, 2012 e-mail did not explicitly refer to its nonrenewal determination, although both did explicitly refer to its discharge determination. The question then is whether the District could have been misled by McNair's failure to explicitly refer to its nonrenewal determination. We do not think so.

If the District had a question whether McNair was appealing only its discharge determination, it could have asked for clarification. Also, the allegations supporting discharge were the same as those supporting nonrenewal. There would be no reason to contest discharge but not renewal. Perhaps most importantly, in the letter, McNair told the District she did not have access to Cronin. It would be unreasonable for the District to believe that McNair—who had not spoken to Cronin—was preserving his right to contest discharge but foregoing his right to contest nonrenewal. During oral argument, the District conceded it understood the intent of McNair's letter was to preserve all of Cronin's rights.[4] Wash. Court of Appeals oral argument, *Cronin v. Cent. Valley Sch.*

---

[4] McNair had access to Cronin by the time of her February 8, 2012 e-mail. But by then, the District had decided not to give Cronin a hearing based on its position that only Cronin could appeal its notice. Any misapprehension about the scope of Cronin's desired

17

*Dist.*, No. 36291-4-III (Oct. 24, 2019) at 21 min., 13 sec. through 21 min., 30 sec. (on file

with the court).[5]

For these reasons, we decline to adopt a hypertechnical construction of McNair's

letter.[6] The District knew that McNair intended to preserve all of Cronin's rights. It was

not misled, or at least not for long, by the lack of clarity in her letter. We conclude that

McNair's January 11, 2012 letter sufficiently preserved Cronin's right to challenge the

District's nonrenewal determination.

### 3. *Nonrenewal and timely hearings*

The trial court construed RCW 28A.405.210 as creating a conclusive presumption

that employees contesting nonrenewal are reemployed if their school district fails to give

them an opportunity for a timely hearing. Before construing the operative language of

RCW 28A.405.210, we first review the rules of statutory construction.

---

appeal was short lived. One month after McNair's February 8, 2012 e-mail, Cronin filed
this lawsuit seeking a statutory hearing for discharge *and* nonrenewal.

[5]http://www.courts.wa.gov/appellate_trial_courts/appellateDockets/index.cfm?fa=
appellateDockets.showOralArgAudioList&courtId=a03&docketDate=20191024.

[6] The District's "Notice of Probable Cause for Discharge and Nonrenewal" lumped
the two determinations together and advised Cronin he needed to file "*a* timely notice of
appeal" to obtain a hearing. CP at 371-72. Had the District's notice advised Cronin that
he needed to file *separate* notices of appeal, we may have reached a different conclusion.

18

We review questions of statutory construction de novo. *Travelers Cas. & Sur. Co. v. Wash. Trust Bank*, 186 Wn.2d 921, 930, 383 P.3d 512 (2016). A court's fundamental objective when interpreting a statute is to discern and implement the legislature's intent. *In re Det. of Anderson*, 185 Wn.2d 79, 85, 368 P.3d 162 (2016). "Statutory interpretation begins with the statute's plain meaning." *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). A court discerns the plain meaning of a statutory provision "'from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" *Id.* (quoting *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)).

> "When the words in a statute are clear and unequivocal, this court is required to assume the Legislature meant exactly what it said and apply the statute as written. Although the court should not construe statutory language so as to result in absurd or strained consequences, neither should the court question the wisdom of a statute even though its results seem unduly harsh."

*In re Custody of Smith*, 137 Wn.2d 1, 8, 969 P.2d 21 (1998) (quoting *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997)), *aff'd sub nom. Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000).

RCW 28A.405.210 provides in relevant part:

> [An employee notified of nonrenewal who requests a hearing] shall be granted opportunity for a hearing pursuant to RCW 28A.405.310 to determine whether there is sufficient cause or causes for nonrenewal of

> contract . . . . *If any such notification <u>or opportunity for hearing</u> is not timely given, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term* upon contractual terms identical with those which would be prevailed if his or her employment had actually been renewed by the board of directors for such ensuing term.

(Emphasis added.)

The italicized language, less the underlined phrase, has been construed as causing an employee's one-year contract to automatically renew for the ensuing term. *See Moldt v. Tacoma Sch. Dist. No. 10*, 103 Wn. App. 472, 475-76, 12 P.3d 1042 (2000). That is, a school district's failure to give an employee timely notification of nonrenewal results in a conclusive presumption of reemployment for another term.

But courts have yet to construe what, if anything, the underlined clause means. Whenever possible, a statute must be construed in a way that no clause, sentence, or word is rendered superfluous, void, or insignificant. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 452, 210 P.3d 297 (2009). The plain meaning of the underlined clause has only one possible meaning: A school district's failure to give a potentially nonrenewed employee an opportunity for a timely hearing results in a conclusive presumption of reemployment for another term.

There is only one provision in chapter 28A.405 RCW that describes the procedures a school district must follow to help ensure a timely hearing is given. That provision is

20

RCW 28A.405.310(4). Within 15 days of receiving a request for a hearing from the employee, the district and the employee are required to appoint a nominee. *Id.* The two nominees must then jointly appoint a hearing officer. *Id.* If the nominees are unable to agree, either side may apply to the presiding judge of the local superior court for appointment of the hearing officer. *Id.* Once a hearing officer is appointed, the hearing officer is subject to timelines that help ensure a prompt hearing and decision. *See* RCW 28A.405.310(5), (6), (7).

Here, the District did not follow the procedures outlined in RCW 28A.405.310. Instead, the District refused to give Cronin his requested statutory hearing and asserted arguments that we have ultimately rejected. This litigation delayed Cronin's statutory hearing for almost seven years. The plain meaning of RCW 28A.405.210 results in Cronin being conclusively presumed to be reemployed for the 2012-2013 term and renewed automatically thereafter pending his statutory hearing.

The District makes various arguments why we should not construe RCW 28A.405.210 as causing employees, such as Mr. Cronin, to be reemployed when a school district fails to provide an opportunity for a timely hearing. These arguments focus on why it is unfair for school districts to be penalized for delays beyond their control.

For example, school districts sometimes must send nonrenewal notices to several employees for unanticipated fiscal reasons, and a hearing officer might be unable to schedule all of the hearings promptly. But our holding does not require such employees to be reemployed in that situation. Rather, our holding requires school districts to provide such employees only an opportunity for a hearing that is timely. Where hearings are delayed for practical reasons or because of an employee's request or agreement, a district has not failed its statutory obligation. A hearing that occurs during the contract year should be considered timely. A hearing that occurs beyond the contract year can still be considered timely, depending on the circumstances for the delay.

The District alternatively argues it did not interfere with Cronin's opportunity for a timely hearing. The District places the blame on Cronin, who it argues could have applied for the local presiding judge to appoint a hearing officer. This argument does not present a basis for reversing summary judgment. Cronin brought suit against the District in March 2012 and requested a statutory hearing. The District opposed Cronin's request. Had Cronin sought to have the presiding judge appoint a hearing officer, the District would have undoubtedly opposed that, too.

We conclude that RCW 28A.405.210 requires an employee who appeals a nonrenewal determination to be reemployed the ensuing term if a school district fails to

provide the employee an opportunity for a timely hearing. Here, the District failed to provide Cronin the opportunity for a timely hearing. This failure caused Cronin to be reemployed for the 2012-2013 school year and automatically renewed each ensuing school year in accordance with RCW 28A.405.210. The trial court did not err in ordering the District to restore Cronin's employment pending the statutory hearing and in ordering back pay.

B.    CRONIN'S APPEAL

Cronin argues the trial court erred by not awarding him double damages, by not awarding him an additional amount to compensate him for the tax consequences of a lump sum award, and by reducing his attorney fee request. We address each argument in the order raised.

1.    *Double damages*

RCW 49.52.050(2) makes it unlawful for an employer to willfully and intentionally pay its employee less than owed. RCW 49.52.070 makes any employer violating RCW 49.52.050(2) liable for exemplary damages of twice the amount of wages unlawfully withheld, unless the employee knowingly submits to the violation.

The standard for proving willfulness is low. An employer's failure to pay will be deemed willful unless it was the result of carelessness or error. *Hill v. Garda CL Nw.,*

*Inc.*, 191 Wn.2d 553, 561, 424 P.3d 207 (2018), *cert. denied*, __ U.S. __, 139 S. Ct. 2667, 204 L. Ed. 2d 1069 (2019). An employer defeats a showing of willfulness if it shows there was a bona fide dispute about whether all or part of the wages were really due. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 160, 961 P.2d 371 (1998). The burden is on the employer to show the existence of a bona fide dispute. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 834, 287 P.3d 516 (2012).

To establish nonliability for exemplary damages, an employer must satisfy a two-part inquiry. *Hill*, 191 Wn.2d at 562. The inquiry has both a subjective component and an objective component. *Id.* The subjective "genuine belief" component is a question of fact that we generally review for substantial evidence. *Id.* The objective "fairly debatable" component is a legal question about the reasonableness or frivolousness of an argument that we review de novo. *Id.*

Cronin argued below that he was entitled to double damages as a matter of law for the 2011-2012 school year. He argued the District intentionally did not give him a statutory hearing, and he was legally entitled to be paid at least through the then-existing contract. Cronin failed to argue why the District's initial belief that only an employee could request a hearing was not fairly debatable. His failure to argue this necessary component justified the trial court's denial of his summary judgment motion.

24

But the trial court did err when it decided the question of double damages as a matter of law in favor of the District. A trier of fact must determine whether the employer genuinely believed its employee was not entitled to pay and, if so, whether its belief was fairly debatable. In situations such as this, where an employee is entitled to be restored to employment and pay, the trier of fact has the difficult task of determining when an employer's once fairly debatable belief no longer warrants withholding pay. *See Allstot v. Edwards*, 114 Wn. App. 625, 635, 60 P.3d 601 (2002) (question of double damages should have been submitted to jury where, during the pendency of the lengthy litigation, the employer could have and should have known that additional compensation was owed to employee). At the point in litigation when an employer's position no longer is fairly debatable, double damages are owed for the employer's continued refusal to pay. These questions are factually intensive, and we remand them for a trial.

### 2. *Increased damages to offset tax consequences*

Cronin argues the trial court erred in not using its equitable authority to award additional damages due to the tax consequences of a lump sum award. We disagree.

In *Blaney v. International Ass'n of Machinists & Aerospace Workers*, 151 Wn.2d 203, 87 P.3d 757 (2004), the plaintiff received an award of damages to compensate her for gender discrimination, but the trial court refused to award her additional damages to

offset the increased tax consequences of the award. Our Supreme Court reversed the trial court and concluded that the requested increase was authorized under the "any other appropriate remedy" clause of RCW 49.60.030(2). *Id.* at 214. The court thereafter stated that the requested increase would not have been authorized under the "actual damages" clause of RCW 49.60.030(2). *Id.* at 216. The court reasoned that the proximate cause of any tax consequences were the tax laws, not the unlawful discrimination.

Cronin's claim for unpaid wages is based on his contractual and statutory rights for wages and benefits owing pending his statutory hearing. Unlike the plaintiff in *Blaney*, Cronin does not have a statutory right for "any other appropriate remedy," or for "actual damages." Rather, he has contractual and statutory rights to wages, including benefits. "Wages" do not encompass the increased tax liability of a lump sum payment. *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803, 826-27, 431 P.3d 1018 (2018), *review denied*, 193 Wn.2d 1006, 438 P.3d 115 (2019).

Cronin seeks to avoid this result by arguing he has an equitable right to be made whole in situations where payment is delayed for years. Equity follows the law. *Longview Fibre Co. v. Cowlitz County*, 114 Wn.2d 691, 699, 790 P.2d 149 (1990). The law already allows recovery of attorney fees for successful wage claims and double recovery for willful and intentional nonpayment of wages. RCW 49.48.030;

RCW 49.52.070. We see no equitable reason to extend the law beyond this point. We conclude the trial court did not err by denying Cronin's request for additional damages.

> 3.    *Attorney fee award*

Cronin argues the trial court erred in awarding him fees based on $250 per hour and by not using a multiplier to increase his award. We disagree.

A trial court's award of attorney fees under a statute is reviewed for an abuse of discretion. *Humphrey Indus. Ltd. v. Clay St. Assocs., LLC*, 170 Wn.2d 495, 506, 242 P.3d 846 (2010). We will reverse the trial court's decision under this standard only if the decision is manifestly unreasonable, is based on untenable grounds, or is made for untenable reasons, with the last category including errors of law. *Noble v. Safe Harbor Family Pres. Trust*, 167 Wn.2d 11, 17, 216 P.3d 1007 (2009).

Our review of the trial court's fee award reflects a careful and well-reasoned decision, consistent with its handling of the other issues entrusted to it. The court noted that Cronin's attorney was under contract with the teacher's union and charged a reduced hourly rate of $120 to $155. The court noted that the rate was low and should be raised. Along this vein, the court noted that Cronin's attorney was one of a few attorneys who practiced this area of law, had practiced for 40 years, and had an excellent reputation. The court described the case as terribly undesirable and noted that the District did not

object to the number of hours requested, although the hours had not been segregated into successful and unsuccessful claims.

In considering these factors, the trial court awarded fees based on $250 per hour for all hours requested. The court noted in its findings that the $250 per hour award of all time took into consideration Cronin's request for a multiplier.

The trial court did not abuse its discretion. Cronin received an award of fees based on a rate almost twice the rate charged. Also, Cronin received a multiplier, in that it was factored into the award by an increased rate and time. We conclude the trial court did not abuse its discretion in calculating Cronin's fee award.

C.    CRONIN'S REQUEST FOR ATTORNEY FEES ON APPEAL

Cronin requests attorney fees on appeal and cites RAP 18.1 and RCW 49.48.030. The former supports an award of reasonable attorney fees on appeal if authorized by applicable law. The latter authorizes an award of reasonable attorney fees to a party who successfully recovers wages or salary owed. Subject to Cronin's compliance with RAP 18.1(d), we award Cronin reasonable attorney fees for responding to the District's appeal. That award will be decided by our commissioner. In addition, if Cronin is successful below on his request for double damages, we instruct the trial court to award

No. 36291-4-III
*Cronin v. Cent. Valley Sch. Dist.*

Cronin reasonable attorney fees for his cross-appeal, less the time spent on unsuccessful

cross-appeal claims.

Affirmed in part, reversed in part, and remanded.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

29